## Rowland *versus* Slate and Moyer.

1. Fulmer & Co. held a policy of insurance against fire—a fire having occurred they brought suit on the policy: the attorney of Fulmer & Co. marked the suit on the appearance-docket for the use of Slate. Rowland recovered a judgment against the firm, and issued an attachment-execution making the insurance company garnishees. Slate was admitted to defend: the company made no defence. *Held*, that evidence was admissible to show, that marking the judgment for the use of Slate was without authority of Fulmer & Co., and that it was to secure the individual debt of one partner.

2. An attorney at law has no authority as such, to sell or assign the claim of his client.

3. The entry made by the attorney was not part of the record.

4. An assignment is not a judicial act but a matter *in pais*.

March 26th 1868.    Before STRONG, READ, AGNEW and SHARS-WOOD, JJ.    THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county:* to July Term 1867, No. 36.

This was an attachment-execution, issued September 18th 1858, by Palatial S. Rowland against J. H. Wonderly, J. H. Fulmer, Jacob Hyman and C. A. Stancliff, trading as J. H. Wonderly, on a judgment against them.    The same defendants were trading also under the name of J. H. Fulmer & Co.    The Lycoming Insurance Company and the Franklin Fire Insurance Company were garnishees.    On the 21st of April 1863 George Slate and Solomon Moyer were admitted as defendants.

The case was in the Supreme Court before: 2 P. F. Smith 317.

On the 8th of April 1858 judgment for $13,550.25 was entered in favor of Slate and Moyer against J. H. Fulmer, one of the defendants, on a single bill, dated April 7th, with warrant of attorney to confess judgment.    On the 16th of April an agreement was entered into between J. H. Fulmer and Slate and Moyer, in which it was declared that the above judgment had been confessed to secure certain persons named in the agreement, all of whom were individual creditors of J. H. Fulmer, except one, who was a creditor of the firm of J. H. Fulmer & Co. to the amount of $75.

The goods of the firm which were insured by the garnishees had been destroyed by fire, and on the 20th of August 1858, they brought suit against the Franklin Fire Insurance Company to recover the loss.    On the record of the suit against the insurance company is the following entry :—

"By direction of plaintiffs, for the use of Geo. Slate & Solomon Moyer.

"September 15th 1858.                GEO. WHITE, p. q."

On the 17th of September 1858 Rowland recovered judgment against the firm of J. H. Wonderly for $815.29, on which judg-

[Rowland *v.* Slate.]

ment this attachment was next day issued. A judgment was recovered against the insurance company October 12th 1861, for $11,925; $8000 having been paid, the question was, whether Rowland's judgment should be paid out of the balance.

The plaintiff gave in evidence his judgment, the record of the attachment, and the judgment against the insurance company.

The defendants gave in evidence the entry by Mr. White, marking the judgment to their use.

The plaintiff in rebuttal offered to prove by G. White, Esq., that the entry made by him on the docket "was made at the instance and suggestion of J. H. Fulmer; that neither of the plaintiffs was present at the time, or spoke to him upon the subject at any time; that Slate and Moyer were not present, and that no consideration passed between the parties at the time of the assignment, and no money was paid; to be followed by .evidence showing that the other plaintiffs in the. judgment repudiated the assignment to Slate and Moyer and dissented therefrom." Also the judgment in favor of Slate and Moyer, and the declaration of trust above stated; to be followed by a paper executed by J. H. Fulmer, dated December 10th 1858, to Slate and Moyer, showing that at *that* time J. H. Fulmer assigned to Slate and Moyer the two policies of insurance against the Lycoming Mutual Insurance Company and the Franklin Fire Insurance Company of Philadelphia, as collateral security for payment of judgment.

He also offered to prove, by two members of the firm of J. H. Fulmer & Co., that they never assented or agreed to the assignment by George White, Esq., entered to No. 29, November Term 1868, to Slate and Moyer—that the same was done without their knowledge or consent, and that they have objected to the same since it came to their knowledge.

The foregoing offers were objected to by the defendants, Slate and Moyer, rejected by the court, and several bills of exceptions sealed.

The court (Jordan, P. J.) directed the jury to find for the defendants.

The verdict was for the defendants.

The plaintiff took out a writ of error. He assigned for error the rejection of his offers and the instruction of the court.

*C. D. Emery* and *C. A. Mayer* for plaintiff in error.—The entry made by Mr. White is not part of the record: West *v.* Pine, 4 Wash. C. C. 698. One partner cannot appropriate the partnership funds to pay his individual debt: Leonard *v.* Winslow, 2 Grant 139; Noble *v.* McClintock, 2 W. & S. 152; Rogers *v.* Bachelor, 12 Peters 232; Baird *v.* Cochran, 4 S. & R. 397; Sutton *v.* Irwine, 12 Id. 15.

[Rowland *v.* Slate.]

*W. H. Armstrong,* for defendants in error.—The attorney was agent and the firm was bound.    They have ratified it by permitting the jury to be sworn with Slate and Moyer as parties: Mohler's Appeal, 5 Barr 420 ; Coxe *v.* Nicholls, 2 Yeates 546 ; Compher *v.* Anawalt, 2 Watts 493 ; Evans *v.* Meylert, 7 Harris 402.    The assignment was not fraudulent because part of the judgment was for individual debts: Leonard *v.* Winslow, *supra ;* 2 Story's Equity, §§ 1046, 1055 ; Levering *v.* Phillips, 7 Barr 389 ; Willard's Equity 426 ; Fricker's Appeal, 1 Watts 396 ; Eldred *v.* Hazlett, 2 Wright 16.

The opinion of the court was delivered, April 2d 1868, by

AGNEW, J.—Rowland issued an attachment execution against the Franklin Fire Insurance Company, upon a judgment against J. H. Fulmer & Co.    Fulmer & Co. held a policy of insurance from the Franklin Insurance Co., on which judgment was afterwards obtained.    During the pendency of Fulmer & Co.'s suit on the policy, and two days before the attachment of Rowland was served, Mr. White, as attorney of Fulmer & Co., made this entry on the appearance-docket : "By direction of plaintiffs for the use of George Slate and Solomon Moyer," and signed it as attorney of the plaintiffs.    Slate and Moyer claiming the debt in the policy, by this assignment, were permitted to come in and interplead in the attachment.    The insurance company made no defence in the attachment.    The issue, therefore, was clearly between Rowland, as a creditor of Fulmer & Co., and Slate and Moyer, as assignees of the policy ; Rowland alleging that the assignment by White as attorney of Fulmer & Co., was made without the authority of the firm, and for the individual debt of J. H. Fulmer.    In this state of the issue we do not perceive on what good ground the court below excluded the evidence offered to show that White acted without authority of the firm, and that the purpose of the assignment was to secure the individual debt of one partner only.    An attorney at law has no authority, as such, to sell or assign the claim of his client: Campbell's Appeal, 5 Casey 401 ; see also Willis *v.* Willis, 2 Jones 159 ; Tompkins *v.* Woodford, 1 Barr 156 ; Gable *v.* Hain, 1 Penna. 264 ; Stokely *v.* Robinson, 10 Casey 315. Although his entry was made on the appearance-docket it constituted no part of the record.    An assignment is not a judicial act, but a matter *in pais.*    It is true that the fact of filing and noting the assignment on the record of the case is often an important one in a dispute between a prior and a subsequent assignee of the same judgment, because of the publicity the record affords as notice: Fisher *v.* Knox, 1 Harris 622 ; Gaullagher *v.* Caldwell, 10 Harris 300.    But the act of the attorney in making the memorandum is no part of the proceeding in the action, and not being

[Rowland v. Slate.]

judicial in its nature does not fall within the rule forbidding any allegation contrary to the record. The case turned, therefore, upon the fact of the attorney's authority, or on the subsequent ratification of it by the firm. The chief circumstance on which Slate and Moyer relied for ratification was that the jury was sworn in the suit of Fulmer & Co., against the insurance company for the use of Slate and Moyer, without objection on the part of Fulmer & Co. But this was long after the attachment had been served; and a ratification at that late day could not displace the service, if the assignment was not valid when the attachment was laid upon the debt. Whatever the evidence of ratification, and whensoever it took place, still ratification itself is a fact to be found by a jury. The court therefore erred in refusing evidence which tended to show that the attorney acted without authority, and in directing a verdict for the defendants without submitting the fact of ratification to the finding of the jury. The court erred also in declining to hear evidence showing that the assignment to Slate and Moyer was for the individual debts of J. H. Fulmer. The purpose of the assignment, it was alleged, was to secure payment of a judgment of Slate and Moyer against J. H. Fulmer, held by them in trust for his individual creditors. Rowland therefore was entitled to put this judgment in evidence, and the declaration of trust made by Slate and Moyer showing that all the claims, amounting to over $13,000, excepting a single claim of $75, were individual debts of Fulmer, and to follow this by evidence to show that this judgment was the consideration of White's assignment. For if the plaintiff succeeded in showing these facts, then the act of Fulmer, through White, as his attorney, was an attempt to divert the assets of the firm to the payment of his individual debts, and this was not within his power: Clay v. Cottrell, 6 Harris 408; King v. Faber, 10 Harris 21; McQuewans v. Hawlin, 11 Casey 517; Leonard v. Winslow, 2 Grant 139; Rogers v. Bachelor, 12 Peters 232.

The argument that a judgment accompanied by a writing setting forth the parties for whose issue it is held falls within the 5th section of the Act of 24th March 1818, and was void because the writing was not recorded, is not well founded. A judgment is not an assignment. It creates a lien but passes no estate or interest in property. It is the act of the law and not of the party: Guy v. McElree, 2 Casey 92; Breading v. Boggs, 8 Harris 33.

The judgment is reversed, and a *venire facias de novo* awarded.