uary 19, 1891, H. J. Curtze was unable to attend to business, and remained in for some time thereafter. That when said Curtze got out the attorneys of the parties tried to settle the matter, pending which plaintiff's attorney was taken ill and confined to his house for about two months. That when said Curtze was taken ill, and confined to his house for about two months, that during this time Mr. Curtze took judgment against the plaintiff, for want of a plea, pending the effort to adjust differences. The deponent is informed by his counsel that he had, after the expiration of the written agreement, a verbal understanding with the defendant's attorney that no advantage would be taken by him in the meantime for want of plea, and which was relied upon by your deponent. That the defendant had no right to avow for rent in this case. That there was no rent due to the defendant, nor had he any right to distrain."

No depositions appear to have been taken on the rule.

*Errors assigned* were (1, 3) entering judgment for defendant; (2) refusing to open and strike off the judgment.

*S. M. Brainerd*, for appellant.

*H. J. Curtze* and *S. A. Lamb*, for appellee.

PER CURIAM, May 23, 1892 :

This case was submitted upon the paper books.

There was nothing in it to base an argument upon. The judgment in question was regularly entered, and the motion to open it was without merit.

Judgment affirmed.

## Bosler *v.* Searight. Stuart's Appeal.

*Attorney at law—Authority to sell judgment of client.*

An attorney at law has no implied authority to assign his client's judgment in consideration of the cancellation of his own individual obligation.

Argued April 25, 1892. Appeal, No. 11, July T., 1891, by Joseph A. Stuart, from decree of C. P. Cumberland Co., in the case of Helen Bosler et al., for use of the Fidelity Ins. Trust & Safe Dep. Co. of Phila., Guardian, for use of Joseph A. Stuart, for use of Rev. John Wherry v. George P. Searight

et al., April T., 1885, No. 283. Before Paxson, C. J., Sterrett, Williams, McCollum and Heydrick, JJ.

Petition to strike assignment of judgment off the record.

From the record and depositions, it appeared that a judgment for $9,683.33 had been entered against Geo. P. Searight and F. W. Searight, in favor of the executors of J. W. Bosler. Subsequently this judgment became the property of the Fidelity Insurance, Trust and Safe Deposit Co., as guardian of the minor children of the testator. S. Hepburn, Jr., a reputable attorney, was employed by the Fidelity Co. to collect the judgment, and his name appeared as counsel of record.

On April 3, 1889, he assigned the judgment of record to Joseph A. Stuart, one of the executors of F. W. Searight, one of defendants, stating in the assignment that the debt and interest had been paid by him.

As a matter of fact this was not true. Hepburn, the attorney, had given an unrecorded mortgage for $10,000 to the Rev. Mr. Wherry, who was in China, John T. Stuart being his attorney in fact. Hepburn proposed to Joseph A. Stuart, who was anxious to have the judgment assigned to some one willing to hold it, that it might be easily arranged by Wherry's surrendering Hepburn's mortgage, and then Hepburn would assign the judgment to Stuart, paying a small sum of money to make up the difference, and Stuart could then assign the judgment to Wherry; this Mr. Wherry's attorney in fact, John T. Stuart, agreed to, and it was accordingly so done.

The Fidelity Co. never received the amount of the judgment, and only learned of its assignment in July, 1890, after the death of Mr. Hepburn.

Thereupon a petition was filed by the Fidelity Co. for a rule on Joseph A. Stuart and John Wherry to show cause why the assignment to them should not be declared null and void and be stricken from the record and the said judgment be decreed to belong to the Fidelity Co. To this petition, an answer was filed by Joseph A. Stuart and depositions taken. On March 10, 1891, the court below entered a decree declaring that the assignment by Hepburn to Joseph A. Stuart was null and void and decreeing that the judgment belonged to the Fidelity Co., in an opinion by Sadler, P. J., in part as follows:

1892.]      Opinion of Court below—Opinion of the Court.

" About the material facts of this case there is no contention. " In Huston v. Mitchell, 14 S. & R. 307 ; Chambers v. Miller, 7 Watts, 63 ; Tompkins v. Woodford, 1 Pa. St. 156 ; Campbell's Appeal, 29 Pa. St. 401 ; Rowland v. Slate, 58 Pa. St. 196 ; Isaacs v. Zugsmith, 103 Pa. St. 77 ; Kingston v. Kincaid, Wash. C. C. 454, and many other similar cases, the law applicable to the present one is declared. [We are well satisfied that Mr. Hepburn exceeded his authority in transferring the judgment to Mr. Stuart, and that no title to it was conferred upon the latter thereby. The assignment must therefore be stricken from the record."] [1]

*Errors assigned* were (1) the portion of the opinion as above in brackets ; (2) the decree ; (3) not discharging the rule as to Joseph A. Stuart.

*John Hays*, of *Hays, Stuart & Stuart*, for appellant.—If Stuart had given his check to Hepburn and Hepburn his check to Wherry and Wherry his check to Stuart, there would have been an actual payment of the judgment and the case would have been directly within Phillips' v. Beatty, 135 Pa. 431. Would not this have amounted to just what was done, the giving of a check for the difference ?

*Richard C. Dale* and *F. E. Beltzhoover*, not heard, for appellee.

Per Curiam, May 23, 1892 :
Judgment affirmed.

149      243
j 33 SC  466

Hill to use, etc., Appellant, *v.* Joy et al.

*Former recovery—Oil lease—Failure to operate.*

Recovery on an oil lease of the royalties provided for therein is a bar to a subsequent suit for damages for breach, during the same period, of the implied covenant for proper and sufficient operation.

Argued April 26, 1892.    Appeal, No. 178, July T., 1892, by plaintiff, Henry Hill for use of Wm. Pickersgill, Jr., from judgment of C. P. Crawford Co., May T., 1885, No. 29, on finding of referee for defendants, Thaddeus C. Joy et al.    Before Paxson, C. J., Sterrett, Williams, McCollum, Mitchell and Heydrick, JJ.

Covenant for damages for non-operation under oil lease.