# Buck *v.* Henry, Appellant.

*Mortgage—Payment—Attorney at law—Estoppel.*

1. Where a mortgage is negotiated through an attorney at law, and interest is paid through the attorney, and after a time the mortgagor pays a part of the principal to the attorney, and this fact is known to the mortgagee who acquiesces in the payment for eight years, and never informs the mortgagor that such payment will not be recognized, the mortgagor, in a suit on the mortgage, will be entitled to a credit for the amount paid to the attorney.

*Practice; C. P.—Judgment n. o. v.—Rule for new trial—Appeals.*

2. Where the court of common pleas enters judgment for defendant n. o. v. but does not dispose of a rule for a new trial, the appellate court in reversing the judgment will remit the record with a procedendo so that disposition may be made of the motion for a new trial.

Argued Oct. 31, 1912. Appeal, No. 223, Oct. T., 1912, by defendants, from judgment of C. P. Huntingdon Co., Sept. T., 1911, No. 1, for plaintiff n. o. v. in case of J. Diller Buck v. Annie Henry et al. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Scire facias sur mortgage. Before Woods, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $159.88. Subsequently the court entered judgment for plaintiff for the full amount of the mortgage. Defendants appealed.

*Error assigned* was in entering judgment for plaintiff n. o. v. for the full amount of the mortgage.

*Samuel I. Spyker,* for appellants.—Where a man has been silent (in this case Buck remained silent for eight years) when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires

478        BUCK *v.* HENRY, Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

him to be silent: Thomas v. Heger, 174 Pa. 345; Greenhoe
v. College, 144 Pa. 131; Guiterman v. Landis, 1 W. N. C.
622; Balph v. Bank, 179 Pa. 430.

*B. F. Warfel,* with him *J. F. Schock,* for appellee.

OPINION BY HENDERSON, J., February 27, 1913:

The defendants borrowed $700 from the plaintiff in
March, 1899, and to secure the payment of the loan
gave their mortgage payable three years after date. Tem-
pleton, an attorney at law, transacted the business. He
prepared the papers and paid over the money to the de-
fendants. Wilson Henry, one of the defendants, had
applied to him for a loan and he having or obtaining the
necessary amount from the plaintiff furnished the money.
Interest was paid to Templeton each year on the loan
and the plaintiff got this interest from Templeton. Up
to this point there is no controversy between the parties.
The issue raised grows out of the allegation of the de-
fendants that at about the time the mortgage was due
they made a payment of $600 to Templeton for which
the latter gave a receipt; that shortly after this payment
Wilson Henry met the plaintiff on a public road in the
neighborhood at which time the plaintiff asked him in
regard to the interest and whether he (Henry) had paid
the interest; that he there told the plaintiff that he had
paid $600 on the principal to Templeton in reply to which
the plaintiff said that he did not know it had been paid,
and added: "I will have to see about it." Thus matters
rested until about eight years afterward when Templeton
failed. Henry says that after this failure the plaintiff
came to him and said that he (the defendant) "still
owed him $100 and not to pay it in to Mr. Templeton."
The plaintiff could not say whether he knew at the time
that the $600 payment had been made or not although
he admits that Templeton told him the defendants had
made a payment on the mortgage, but he told Templeton
he would not accept a part; he must have all or nothing.

He admits that he had a conversation with Henry after the failure of Templeton when they met on a public road and said to Henry, "Don't pay that $100 over to anybody until we see how this is going to go, because there was a good bit of excitement about that time." The jury found in favor of the defendant on the subject of the payment of the $600 and afterward on motion of the plaintiff's counsel judgment was entered in favor of the plaintiff non obstante veredicto. It appears from the opinion of the learned trial judge that this conclusion was reached on the authority of Mynick v. Bickings, 30 Pa. Superior Ct. 401. That case was decided on a different state of facts, however, from those presented in the appeal before us. The loan was obtained in the same way in each case and a payment was made on the principal to the attorney who transacted the business in each case, but in Mynick v. Bickings, the mortgagee never knew that a payment had been made on the principal. There was nothing therefore in the case to bind her unless the fact that she employed an attorney to make the loan invested him with the authority to accept payments of the principal and this it was held he had no authority to do. Having made the loan he turned the securities over to the mortgagee and so far as appeared in the case his relation thereto ceased. The mortgagor had no communication with the mortgagee in regard to the loan or its payment. The situation is different in the case we are now considering. If the statement of Wilson Henry is to be relied on the plaintiff knew within a very short time after the payment of the $600 to Templeton that this payment had been made. He neither objected nor denied the authority of Templeton to receive the money; he permitted the defendants to rest for eight years in the belief that they had discharged $600 of the indebtedness within which time from anything which appears they might have recovered their money and made the payment directly to the plaintiff. It further appears in the testimony of Wilson Henry that after the failure

of Templeton when the plaintiff came to him he only claimed that the defendants owed $100 on the mortgage and notified them not to pay the amount to Templeton. He received the interest from Templeton from time to time as shown by one part of his testimony and in another says that he did not collect interest from Templeton; that he did not need the money. There is an apparent contradiction or obscurity in this statement, but it may have been understood when the examination was orally given. This evidence furnished a basis for two conclusions bearing on the right of the plaintiff to recover the whole amount of the mortgage: (a) acquiescence and ratification by the plaintiff in the payment to Templeton; and (b) an estoppel because of the failure of the plaintiff to inform the defendants that a payment to Templeton would not be recognized. If when the plaintiff was informed that a payment had been made on the principal a very short time after the debt matured he notified one of the defendants that he had not heard of it before and that he would go and see about it and made no objection or protest against such payment but went away leaving the impression on the defendant that he would get the money from Templeton, and if after the failure of Templeton the plaintiff only claimed a balance of $100 on the principal of the mortgage a reasonable inference from this state of facts would be that he had acquiesced in the payment of the $600 to Templeton and had ratified his act in accepting the money. This would have the effect of reducing the indebtedness to the extent of the payment so made; and if when the plaintiff was informed that the payment had been made he did not deny the authority of Templeton to accept it but permitted the defendants to abide in the belief that $600 of their indebtedness had been paid and that during a period of eight years no notice was given to the defendants that Templeton had no authority to receive the money and that the plaintiff would look to them for the payment of the debt it is too late after the lapse of that time and

after the failure of Templeton to insist on the collection of the whole amount stated in the mortgage. When the defendant notified the plaintiff of the payment it was the plain duty of the latter if he did not authorize Templeton to receive the money to say so to the defendant in order that he might protect himself. It was very natural that the defendants should take the money to Templeton inasmuch as they had obtained it from him. They had not seen the plaintiff and would probably believe that the attorney had the authority to take the money. Their mistake in regard to the law would not relieve the plaintiff from the duty of putting them on notice if he did not intend to accept the money as a payment. Whether, therefore, the plaintiff ratified the act of Templeton in accepting the payment as might well be inferred from the testimony of the defendant (Wilson Henry) or whether knowing of the payment he told one of the defendants that he would see to it and thereby put the defendants off their guard to their prejudice, in either case a valid defense exists to the recovery of the amount so paid. The facts having been found in favor of the defendants by the jury the learned trial judge was in error in entering judgment in favor of the plaintiff.

The judgment is reversed and the record remitted to the court below with a procedendo in accordance with the practice as directed in Dalmas v. Kemble, 215 Pa. 410, the motion for a new trial not having been disposed of.