## Goll *v.* Ziegler, Appellant.

*Attorney-at-law—Attorney and client—Satisfaction of judgment —Authority of attorney—Misappropriation of money.*

Where an attorney-at-law negotiates a loan from one of his clients to another and prepares and enters up a judgment bond

616, (1915).]    Syllabus—Opinion of the Court.

against the borrower for the loan, and subsequently receives from the borrower and pays over to the lender two installments of the loan, and thereafter receives the whole balance of the loan from the borrower which he misappropriates, an entry of satisfaction of the judgment by the attorney is invalid and without authority, and will be stricken off at the instance of the plaintiff.

Argued Nov. 10, 1915. Appeal, No. 255, Oct. T., 1915, by defendant, from order of C. P. Lancaster Co., Jan. T., 1907, No. 495, making absolute rule to strike off judgment in case of William H. Goll v. Peter J. Ziegler. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to strike off judgment.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to strike off judgment.

*John A. Coyle,* of *Coyle & Keller,* with him *Jacob Hill Byrne,* for appellant.—The rule in this case should have been dismissed on the authority of Buck v. Henry, 52 Pa. Superior Ct. 477, if on no other.

Ratification of an act is to be presumed from the absence of dissent, which is equivalent to precedent authority: Himes v. Herr, 3 Pa. Superior Ct. 124; Miller v. Preston, 154 Pa. 63; Thomas v. Heger, 174 Pa. 345; Greenhoe v. College, 144 Pa. 131; Columbia Fireproofing Co. v. Liberty Nat. Bank, 179 Pa. 430.

*Bernard J. Meyers,* for appellee.—There can be no dispute as to the general rule that an attorney has not the power to satisfy a judgment obtained by confession, without the aid of his professional skill, unless specially authorized to do so: Ely v. Lamb, 10 Pa. C. C. R. 209.

OPINION BY ORLADY, J., December 20, 1915:

W. T. Brown, Esq., a member of the Lancaster County

bar, was applied to by his client, Peter J. Ziegler, to secure a loan for him for the sum of $800, which Brown subsequently did by arranging to have William H. Goll, who was at that time also a client of Brown's, to furnish the money; whereupon Ziegler executed and delivered to Brown for Goll, a judgment bond dated March 7, 1907, for $800, payable on April 1, 1908, with interest at the rate of five per cent. per annum. On the same day judgment was entered by filing the bond in the Court of Common Pleas of Lancaster County. On September 23, 1907, Ziegler paid to Brown the sum of $100, and on March 27, 1908, a like sum, which amounts were promptly paid over by Brown to Goll, who receipted for them. The balance of the debt, interest and costs of the judgment were subsequently paid to Brown by Ziegler. On September 30, 1910, when Brown received the last payment, he satisfied the judgment of record, signing it "W. T. Brown, attorney for plaintiff," and delivered the original judgment bond to Ziegler, and did not make payment to Goll.

Goll did not receive any of the payments except the $200, and on learning of the satisfaction of the judgment promptly presented his petition to have the satisfaction stricken off. He averred positively that Brown had no authority to enter his appearance on the record of the judgment as attorney for him and enter satisfaction thereof in his name. It is not alleged that Brown had any express authority to satisfy the judgment, but it is urged that his acceptance of the two first payments, $100 each, must be treated as equivalent to ratifying the subsequent acts of Brown in receiving the money from Ziegler, and that such ratification is tantamount to a precedent authority from Goll, to receive the principal and interest of the judgment and satisfy it. There is nothing to indicate that the two admitted payments were not made to Brown by Ziegler, as his personal attorney, or that Goll received the money from Brown in any other relation than as the attorney of Ziegler, nor that he knew

of any subsequent payments to Brown until advised of the satisfaction of the judgment.

It was a perfectly natural procedure for Ziegler to make the payments to Brown, who had secured the loan for him, and in thus making him his agent it was his duty to know that they were transmitted to the creditor. The fact that Brown, while he was an attorney for Goll, negotiated for him a loan for his other client, Ziegler, did not invest him with authority to collect the debt for Goll without precedent authority.

From all that appears in this record Goll could rightly believe that in making the payments on the loan Brown was acting for Ziegler, and when he learned that Brown claimed to have acted for him, Goll, he promptly disavowed the relation and moved to have his entry of satisfaction stricken from the record. Mynick v. Bickings, 30 Pa. Superior Ct. 401; In Buck v. Henry, 52 Pa. Superior Ct. 477, the act of the defaulting attorney was sustained for the reason that the creditor acquiesced by his silence for eight years, and the creditor was held to be estopped because of his failure to inform the debtor. Other facts were presented in that case which makes it a very different one from the one under consideration. In Miller v. Preston, 154 Pa. 63, the court refused to strike off an entry of satisfaction for the reason there was evidence to show that the defaulting attorney was the plaintiff's agent, and while not clear, the Supreme Court held "Under the circumstances of flight, and the death of the attorney, who cannot now be called to prove his authority, it was sufficient to justify the court in refusing relief," which makes it entirely different from the facts in this case. An attorney-at-law has no implied authority to assign his client's judgment in consideration of the cancellation of his own individual obligations: Bosler v. Searight, 149 Pa. 241. The satisfaction of the judgment rests entirely upon the authority of Brown, who claimed to represent the plaintiff, and

there being no evidence of his authority to represent Goll, his act was nugatory, and the court properly struck off the satisfaction of the judgment.

The decree of the court below is affirmed.