## Williams *v.* Cook, Appellant.

*Attorney-at-law—Payment of fees—Principal and agent—Mortgage.*

1. The fact that an attorney acts for a lender and receives his compensation from the borrower, does not of itself prevent the relation of attorney and client being established between the attor-

ney and the lender, if such is the understanding between the parties.

*Principal and agent—Collection of interest—Collection of principal—Authority of agent—Mortgage—Estoppel—Province of court and jury.*

2. The mere authority of an agent to collect interest does not give the right to accept principal in satisfaction of outstanding claims.

3. The authority of an agent to collect may be implied from the fact that he had previously received and receipted for payments of money and his acts had been approved by the principal.

4. If a person gives credit for principal collected on a mortgage by another who represented himself as the mortgagee's agent, and that other subsequently, in the same business, collects more principal and fails to pay it over to the creditor, it may be inferred that his conduct in so receiving was authorized.

5. If the mortgagee accepted the earlier payments and satisfied the mortgage pro tanto, and was then dissatisfied with his agent, he should have notified the mortgagor of the repudiation of the agent's authority.

6. When the scope of an agency rests in parol, and there is no dispute as to the facts, it is for the court to determine their legal effect.

Argued March 14, 1927. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 2, March T., 1927, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1924, No. 202, on verdict for plaintiff, in case of Lewis S. Williams v. E. L. Cook (with notice to E. L. Cook and Howard C. Cook, trading as Yukon Coal Company, terre tenants. Reversed.

Sci. fa. sur mortgage. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,827.75. Defendant appealed.

*Error assigned* was, inter alia, order refusing judgment for defendant n. o. v., quoting record.

*John F. Kunkle,* with him *Christ C. Walthour* and *J. E. Kunkle, Jr.,* for appellant.—Wegley was plaintiff's attorney although his fee was paid by Cook: Lawall v. Groman, 180 Pa. 532; Patterson v. Van Loon, 186 Pa. 367.

Where a mortgage is negotiated through an attorney-at-law, and interest is paid through the attorney, and after a time the mortgagor pays a part of the principal to the attorney, and this fact is known to the mortgagee who acquiesces in the payment for eight years, and never informs the mortgagor that such payment will not be recognized, the mortgagor, in a suit on the mortgage, will be entitled to a credit for the amount paid to the attorney: Buck v. Henry, 52 Pa. Superior Ct. 477; McNeely Co. v. Bank, 221 Pa. 588; Leather Mfg. Nat. Bank v. Morgan, 117 U. S. 96; Bredin v. DuBarry, 14 S. & R. 27; Smuckler v. Di Napoli, 62 Pa. Superior Ct. 570; Anderson Coal Co. v. Howell & Co., 46 Pa. Superior Ct. 320; Kissick v. Hunter, 184 Pa. 174; Leininger v. Goodman, 277 Pa. 75; Standard Leather Co. v. Ins. Co., 224 Pa. 186.

*R. Kay Portser,* with him *R. Kirk McConnell,* for appellee.—An attorney-at-law has no authority, as such, to receive the principal debt secured by a mortgage owned by his client: Bosler v. Searight, 149 Pa. 241; Zinsser v. Zinsser, 83 Pa. Superior Ct. 464.

The legal principle deducible from the case of Goll v. Ziegler, 61 Pa. Superior Ct. 616, rules the instant case against defendant.

OPINION BY MR. JUSTICE SADLER, April 11, 1927:

Williams, plaintiff, was the owner of a tract of coal land which he sold defendant in 1917 for $14,984. A part of the consideration was satisfied in cash, and a mortgage for $10,000 taken for the remainder of the purchase price. One-half of this amount was made payable, with interest at five per cent, on February 1, 1919, and the re-

·mainder a year later.  Before the closing of the transaction the plaintiff took up the matter of the conveyance with Wegley, an attorney, who represented him in the transaction, though no fees were paid by Williams in compensation of the services rendered.  Cook had his own counsel, but paid the charges of Wegley, consulted by Williams.  Of the cash sum turned over, plaintiff directed his attorney to retain $3,000 to invest for him in a mortgage, and this was done.  Wegley had also invested in other mortgages to the amount of $18,500 for plaintiff from funds transferred to him.  On April 2, 1919, Cook paid $2,000 to Wegley, as counsel for plaintiff, and, on February 15th, gave to him, in addition, $3,000, with a check for $1,015.30 for interest.  These sums were received by plaintiff without objection, and a part handed back to the attorney for reinvestment.  At the time, no complaint was made of the receipt by Wegley of part of the principal, and plaintiff later satisfied the mortgage to the extent of the $5,000 received. Cook was not informed that future installments must be paid directly to the mortgagee.

The mortgagor desired an extension of the time of payment of the second half of his obligation, and for securing the consent of plaintiff to this arrangement gave the attorney $150 for his services.  On June 19, 1923, he transmitted an additional $2,600 on account of the principal, on October 3d, $1,000, and on February 14, 1924, a further $1,000, leaving a balance due, including interest, of $1,216.66 as of the latter date.  These three installments were paid to Wegley, as had been the checks making up the first half of the debt, which former sums had been turned over to Williams, received without objection, and ratified by his entry of satisfaction on the record.  No notice was given that the manner of payment of principal was unauthorized, and the last three checks given thereafter followed the course of dealing apparently approved by the mortgagee.  The latter had possession of the bond and mortgage, but Cook could not

be expected to demand the surrender of these instruments until the debt was fully satisfied, and a portion still remained due when the last check was given.

Wegley misappropriated the funds of plaintiff and others. A scire facias was then issued to recover the balance alleged to be due on the mortgage, amounting, it was claimed, to $5,000, with interest from February 1, 1921, and attorney's commissions. Other defendants were named in the original proceeding as terre tenants, but as to them the jury was discharged, it appearing they had no interest in the premises covered by the lien. An affidavit of defense, and one supplemental, were filed, setting forth the facts as to payments made, as we have already stated, and denying any liability beyond the admitted balance. As we view the case, the 9th point of the defendant, asking that the jury be instructed that the three checks paid in 1923 and 1924 be credited on the debt, should have been affirmed; therefore we will consider, in passing upon the present controversy, only the testimony of Williams, the plaintiff, and the checks admittedly paid to Wegley in those years. Other assignments averring trial errors have been set forth, some of which are meritorious, but, in view of the ruling as to the 17th, in which complaint is made of the answer to the 9th point, these questions become immaterial. At the trial, plaintiff denied the payment of compensation to the attorney, though admitting he acted for him, but insisted that his authority was limited to the collection of interest alone, and no right had been granted to receive any principal, and that in fact Wegley did not turn over the $4,600 paid by Cook in 1923 and 1924.

Stress was laid in the court below on the fact that plaintiff paid no fees to the attorney when the original deed and mortgage were prepared, or when the extension of time for payment was obtained, but that the borrower compensated counsel. This fact does not alter the relation of principal and agent, if other circumstances showed the parties stood in this position: Patterson v.

Van Loon, 186 Pa. 367; Lawall v. Groman, 180 Pa. 532. Had it appeared that Wegley was not acting for the mortgagee, a receipt of money by him on behalf of the latter would not relieve the debtor: Peters v. Alter, 89 Pa. Superior Ct. 34; Goll v. Ziegler, 61 Pa. Superior Ct. 616. (In the case first cited, the same attorney satisfied a judgment entered on a bond secured by mortgage under a forged order. It appeared that plaintiff had not gone to him for counsel, but the latter had sought her out to secure money for a loan he desired to place, and the former did nothing which would lead defendant to believe that he had any authority to receive payment of the principal. The Superior Court therefore held that it could not say there was an abuse of discretion in refusing to open the judgment.) The mere authority to collect interest does not give the right to accept principal in satisfaction of the outstanding claim: Browne v. Hoekstra, 279 Pa. 418; Mynick v. Bickings, 30 Pa. Superior Ct. 401. And the attorney ordinarily has no right to assign a mortgage or judgment without authority, express or implied, to so act: Bosler v. Searight, 149 Pa. 241. Such act is ineffective to relieve the debtor, unless it appears that the payment is in the course of litigation, which the attorney has been employed to conduct (Kissick v. Hunter, 184 Pa. 174), or there be some act of ratification by the creditor (Rowland v. Slate, 58 Pa. 196; Campbell's App., 29 Pa. 401), or it is shown the agent was acting in the general course of business upon which reliance was placed by the debtor.

"As between the principal and third persons the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority which the principal holds the agent out as possessing or which he permits the agent to represent that he possesses and which the principal is estopped to deny, and the principal will be bound by all acts of the agent performed in the usual and customary mode of doing the

particular business," though acting with limited pow-
ers: 2 C. J. 570.   When one of two innocent persons
must suffer, the one who makes possible the commission
of the fraud is the loser: Froio v. Armstrong, 277 Pa.
18; Bair's Assigned Estate, 20 Pa. Superior Ct. 85.
The authority of an agent to collect may be implied
from the fact that he has previously received and re-
ceipted for payments of money and his acts have been
approved by the principal: 2 C. J. 621.   Many cases
will be found in this state where this rule has been
enforced: Miller v. Preston, 154 Pa. 63; Himes v. Herr,
3 Pa. Superior Ct. 124; Kissick v. Hunter, supra;
Browne v. Hoekstra, supra.   If a mortgagee gives credit
for money, collected by another who represented him-
self as the mortgagee's agent, and that other subse-
quently, in the same business, collects more money and
fails to pay it over to the creditor, it may be inferred
that his conduct in so receiving was authorized: Pat-
terson v. Van Loon, supra.   The same principle is up-
held in Colonial Trust Co. v. Davis, 274 Pa. 363, where
the case of Mynick v. Bickings, 30 Pa. Superior Ct. 401,
is distinguished on the ground that there was no evi-
dence of a general course of business showing an im-
plied right of the agent to accept payment.

When a general practice has been followed, the third
party is justified in assuming a continuance of the au-
thority apparently approved.   In the present case, in-
stallments were paid to the attorney by Cook, and, when
one-half had been turned over, such collection was rati-
fied by plaintiff, who entered a pro tanto satisfaction
on the mortgage record.   Had he been dissatisfied with
the manner in which remittances were transferred, it
was his duty to repudiate the authority of Wegley, or
put the mortgagor on notice: Brendin v. DuBarry, 14
S. & R. 27; Standard Leather Co. v. Ins. Co., 224 Pa.
186; Buck v. Henry, 52 Pa. Superior Ct. 477; Ander-
son Coal Co. v. Sloan, Howell & Co., 46 Pa. Superior
Ct. 320; Smuckler v. Di Napoli, 62 Pa. Superior Ct.

570. A contrary rule would be applied when it appeared that the payment was not in the course of ordinary business, as in the case where the payment was remitted to a sub-agent (Fischer v. Hale, 63 Pa. Superior Ct. 204), or the money for which credit was claimed was not proven to have been paid by the debtor: Wallace v. Shifflet, 86 Pa. Superior Ct. 327. Under such circumstances, the rights of the creditor would not be affected.

Plaintiff knew that Wegley was collecting not only interest but also principal, and accepted three installments without objection or notice to Cook of the lack of the attorney's right to receive. Admittedly, the further payments were made to Wegley in the same manner as before, and the checks fixing the amounts are in evidence. The fact that additional sums were sent, and received, is not denied, though the right to charge plaintiff with the amount is, because of the alleged lack of authority of the attorney to accept. In passing upon this controversy it is not necessary to consider matters other than those testified to by plaintiff. Considering his evidence alone, and the written proof of the three remittances in 1923 and 1924, we conclude no recovery can be had, except as to the balance admittedly due, and it was the duty of the court below to so declare. When the scope of the agency rests in parol, and there is no dispute as to the facts (here we take what the plaintiff said as verity), it is for the court to determine their legal effect: Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Elliott v. Wanamaker, 155 Pa. 67.

The judgment of the court below is reversed, and is here entered for plaintiff in the sum of $1216.66, with interest from February 14, 1924.