## American Underwriter's Association *versus* George.

1. A policy of insurance should not be admitted in evidence without proof of its execution.

2. Where one desires to avail himself of·the acts of an alleged sub-agent as against the principal, he must prove both the appointment of such subagent by an agent, and the authority of the agent to appoint the sub-agent.

3. Where an agent testifies that he has acted for a principal in pursuance of a certain witnessed agreement not under seal, said instrument can only be admitted in evidence upon due proof of its execution, or by admission of the parties executing it.

4. Where a plaintiff has failed to make out his case, it is error to instruct the jury that they are entitled to take into account in deciding whether plaintiff's case is made out, the fact, that the defendant, although in court, has not been called to deny the plaintiff's allegations.

5. A policy of insurance, by whose terms the application is made part thereof, is not admissible in evidence without the application. But if the plaintiff call upon the company defendant to produce the application after notice, and they refuse to do so, this is all that will be required to make the policy admissible without it.

February 21st 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of July Term 1880, No. 56.

Assumpsit, by M. A. George against the American Underwriter's Association of Philadelphia, upon a policy of fire insurance for $1200, upon a certain property described as "situated 22 miles N.

W. of the city of Paris, Lamar county, in the state of Texas."
Pleas non assumpsit, payment with leave, &c.

Upon the trial, before MITCHELL, J., the plaintiff claimed that
the policy sued upon had been issued to "T. J. Hadley (agent and
attorney in fact for Mrs. M. A. George) of Paris Texas," by one
John E. Barry, sub-agent, residing in the town of Paris, appointed
by E. II. Angomar, Jr. & Co., of New Orleans, general agents of
the company defendant. The plaintiff offered in evidence an
agreement between Angomar & Co. and John E. Barry, attested
by two subscribing witnesses, authorizing said Barry to perform
all the duties of insurance broker for the company defendant under
the instructions and supervision of Angomar & Co., with the right
to solicit risks, issue policies and collect premiums. Objected to
by defendants, as no authority is shown in Angomar & Co. to make
the agreement on the part of the defendants, and, further, because
the execution of the agreement is not proved. Objections over-
ruled.

The plaintiff called upon the defendants to produce the applica-
tion of the assured for the policy, which is referred to in the policy
as part thereof and made a warranty thereby. The defendants'
counsel replied that the application had never been received by the
defendants from any person; that the policy purported to have
been issued by John E. Barry, and the application was probably
in his possession.

The plaintiff then offered in evidence policy of insurance, dated
November 18th 1875. Objected to (1.) because the execution of
the policy is not proved. (2.) No authority is shown in John E.
Barry to execute and deliver the same. (3.) The application
referred to in the policy is not produced. Objections overruled.

The policy contained, inter alia, a stipulation that "the assured
upon sustaining loss shall give immediate notice in writing to the
association." The plaintiff called upon the defendants to produce
proofs of loss in this case. The defendants replied, "they have
none, none were ever received."

The plaintiff read in evidence the depositions of T. J. Hadley
and John E. Barry, taken under a commission to Texas, in which
Hadley testified that the property insured was destroyed by fire
January 4th 1876; cause unknown; loss $2112.45; that he very
soon afterwards furnished proof of said loss to Barry; and Barry
testified that he transmitted said proofs to Angomar & Co. No
copy of the proofs of loss was kept by either, and the data from
which they were made up were subsequently destroyed by a fire
which burnt up Paris.

The defendants requested the court to charge, substantially, that
under the evidence the verdict should be for the defendants. The
learned judge refused so to charge, and in his general charge said,
inter alia, as follows:

[American Underwriter's Assoc. *v.* George.]

" The jury are entitled in estimating the weight of the evidence in the case, to consider the circumstances under which it is given, and in this connection, you may consider not only what is in the case, but what might and ought naturally to be in it, but is not. When therefore the defendants' counsel asks you to say that there is not enough evidence to satisfy you that this policy was issued by the defendants or with their authority, you may consider in weighing the evidence on this point, the fact that the officers of the defendants, or some of them, have sat here during the trial and have not been called to deny the fact, but have chosen to rest their defence on the weakness of the plaintiff's proof. That they have a right to do, but you are entitled to consider the fact in this connection."

Verdict and judgment for plaintiff for $1416. The defendants took this writ of error, assigning for error the admission of the offers of evidence objected to, the refusal of the defendants' points and the portion of the charge above quoted.

*David C. Harrington,* for the plaintiff in error.—Under the plea of non assumpsit, the defendants were put upon proof of the execution of the policy and the authority of the agents ; and were required to produce or account for the application and proofs of loss. None of these requisites were complied with. The plaintiff having signally failed to make out his case it was not incumbent upon the defendants to prove a negative. A plaintiff who would avail himself of the act of an agent to charge the principal must prove the authority under which the agent acted : Hays *v.* Lynn, 7 Watts 525. Where the application is made part of the policy it must be produced or proof made of it, before the policy can be read in evidence : Lycoming Ins. Co. *v.* Sailer, 17 P. F. Smith 108. No recovery can be had if notice and proof of loss is not given as required by the policy, and where notice is required to be given to the company notice to an agent is not sufficient : Edwards *v.* Ins. Co., 25 P. F. Smith 380 ; Trask *v.* Ins. Co., 5 Casey 198 ; Ins. Co. *v.* Updegraff, 4 Wright. 311 ; Warner *v.* Insurance Co., 35 Leg. Int. 293. In a case so bald of proof the defendants were entitled to an affirmance of their point, and the judge clearly erred in that portion of the charge assigned for error.

*David W. Sellers,* for the defendant in error, presented no paper book.—The president of the company was in court during the trial and did not deny his signature to the policy, nor that it was the company's policy. This relieved us from the burden of proving formal execution of it, or the authority of the agents through whom it was issued. We proved that the proofs of loss were forwarded in due time to the general agents of the company, and

[American Underwriter's Assoc. v. George.]

thus made out at least a prima facie case which, in the absence of evidence by the defendants, was properly submitted to the jury

Mr. Justice GORDON delivered the opinion of the court, March 7th 1881.

Several errors occurred in the trial of this case in the court below, and they are of a character so obvious that but little argument is necessary to develop them.

1. In the face of the defendants' objection, it was certainly erroneous to admit the policy in evidence without proof of its execution. About a proposition so very plain as this there can be no doubt, and it needs but to be stated in order to exhibit its unsoundness.

2. The policy purports to have been issued by John E. Barry, as sub-agent of the defendant for the state of Texas, and who was supposed to have received his appointment from E. H. Angomar & Co., of the city of New Orleans. But of the agency of Angomar & Co. there was no proof whatever. It is, therefore, difficult to understand upon what principle of law the appointment of Barry was supported, for it is certain that he who would avail himself of the acts of an alleged agent, must, in order to charge the principal, prove the authority under which the supposed agent acted: Hay v. Lynn, 7 Watts 525; Moore's Ex'rs v. Patterson, 4 Casey 505.

3. The agreement between Angomar & Co. and Barry, appointing the latter broker and agent for the defendant, was not sufficiently proved, or rather, was not proved at all. Barry testifies that he acted under the authority conferred by this paper, but he neither does, nor was he in a position to prove its execution. The writing was attested by subscribing witnesses, and though not under seal, it ought to have been proved by those witnesses, or one of them, or, as was ruled in Williams v. Floyd, 1 Jones 499, by the admission of the parties who executed it.

4. The court erred in instructing the jury as follows: "The jury are entitled, in estimating the weight of evidence in the case, to consider the circumstances under which it was given, and in this connection, you may consider not only what is in the case, but what might and ought naturally to be in it, but is not. When, therefore, the defendants' counsel asks you to say that there is not enough evidence to satisfy you that this policy was issued by the defendants, or with their authority, you may consider, in weighing the evidence on this point, the fact that the officers of the defendants, or some of them, have sat here during the trial, and have not been called to deny the fact, but have chosen to rest their defence on the weakness of the plaintiff's proof; that they had a right to do, but you are entitled to consider the fact in this connection." This was a mistake, and perhaps the one upon which all the others were founded. The plaintiff, if she expected a verdict, was bound

1 OUTERBRIDGE—16

[American Underwriter's Assoc. *v.* George.]

to make out her case; until this was done the defendant had nothing to do, and the fact that it did what was entirely proper for it to do, keep silent, ought not to have been permitted to tell against it. If the plaintiff's case was not proved, the silence of the defendant did not help it.

5. As the policy, in terms, made the application part thereof, on the authority of the Lycoming Mutual Ins. Co. *v.* Sailer, 17 P. Smith 108, the policy ought not to have been admitted without the application. As, however, this paper is one which belongs to, and of necessity, is in the possession of the company, the refusal of the company to produce it on notice, would be all that would be required to make the policy admissible without it.

The remaining assignments are dismissed, as containing nothing requiring serious consideration.

The judgment is reversed, and a new *venire* awarded.