## Reformed Presbyterian Church v. Livingston, Appellant.

*Principal and agent—Negligence—Fraud—Mortgage.*

On a scire facias sur mortgage it appeared that the plaintiffs, the mortgagees, before taking the mortgage in suit, had employed an attorney at law to see that the "proposed mortgage was a first lien upon the property offered." As a matter of fact there was an existing mortgage upon the premises, but the attorney falsely certified that the proposed mortgage was a first lien. Upon this certificate plaintiffs delivered their check to the attorney payable not to him, but to the mortgagor, the defendant. The mortgagor indorsed the check and delivered it to the attorney in order that the latter might pay off the first mortgage. Instead of doing so he embezzled the money. *Held,* that when the mortgagor indorsed the check and delivered it to the attorney, he constituted the latter his agent, and he must therefore bear the loss.

Argued Nov. 3, 1904. Appeal, No. 203, Oct. T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1902, No. 501, on verdict for plaintiff in case of trustees of the Synod of the Reformed Presbyterian Church of North America v. F. P. Livingston. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Scire facias sur mortgage.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,140, subject to question of law reserved.

The court subsequently entered judgment on the verdict.

*Error assigned* was in entering judgment on the verdict.

*R. A. Balph*, with him *James Balph*, for appellant.

*Frank C. Osburn*, with him *John C. McCombs*, for appellee.

PER CURIAM, December 31, 1904:

There were acts of negligence, or what is legally the same thing, acts of misplaced confidence, by both the parties to this suit. Hunter was the agent of plaintiffs to see that the " proposed mortgage was a first lien upon the property offered," and in accepting his false certificate that it was so the plaintiffs were legally negligent. But upon this certificate they gave him their check payable not to him but to the mortgagor, appellant. Hunter was agent in some respects for both parties, and in the receipt of this check he was undoubtedly acting for appellant, and when appellant indorsed the check and delivered it to Hunter it was the same as if the plaintiffs had given the appellant the money in specie and he had handed it over to Hunter to pay the first mortgage. Instead of so doing Hunter embezzled the money, and as the appellant's act in putting it into his hands was the proximate act of negligence which enabled him to carry out the fraud, the appellant, unfortunately for him, must bear the loss.

Judgment affirmed.