# Fischer *v.* Hale, Appellant.

*Mortgage—Payment—Principal and agent—Evidence.*

Where a person desiring to secure a loan applies to an attorney and the latter secures the money through the agency of another attorney acting for a client, who becomes the mortgagee, and the first attorney prepares the bond and mortgage and is paid for his services by the borrower, the latter, if he pays interest and part of the principal to such attorney, cannot escape liability to the mortgagee, if the money is not paid over to the latter; and especially is this the case if the mortgage and bond are in the possession of the mortgagee at the time of such payments, and the mortgagor makes no inquiry concerning them.

204, (1916).]      Syllabus—Opinion of the Court.

*Practice, C. P.—Discharging rule to open judgment—Duty of lower court to file opinion.*

On discharging a rule to open a judgment entered upon a mortgage bond, it is the duty of the lower court to file an opinion stating the reasons for its action.

Argued March 8, 1916. Appeal, No. 29, March T., 1916, by defendant, from order of C. P. Lackawanna Co., Jan. T., 1915, No. 113, discharging rule to open judgment in case of Emily Fischer v. Lincoln Hale. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule to open judgment.

*A. A. Vosburg,* for appellant.

*James Gardner Sanderson,* for appellee.

OPINION BY KEPHART, J., May 8, 1916:

This is an appeal from an order of the court below discharging a rule to open a judgment entered upon a mortgage bond. We have frequently stated that applications such as this are addressed to the equity powers of the court, and unless there is an abuse of discretion in the conclusions reached on the facts presented, or an erroneous opinion as to the legal effect of such testimony, this court will not disturb the discretion exercised: Cinnaminson Park Co. v. Laws, an opinion this day handed down. The appellee placed a mortgage through an agent, Breck, on the appellant's property. Breck, a member of the bar of Lackawanna County, it is averred, secured Rice, another attorney, to act as a subagent in placing the loan, and in collecting the interest and principal. The appellant claims he paid to Rice the prin-

cipal and interest due on the mortgage and that therefore the mortgage bond was no longer an obligation that he was required to meet. We need not discuss the extent of the agent's authority as conferred upon him by the appellee. Assuming that he had the authority to employ Rice in connection with the matter, there is no evidence that he did employ him. When the appellant desired to borrow money, on the advice of a friend he went to Rice for it and he secured a loan from Breck. Appellant paid Rice for his services and he procured a deed to the appellant for the property mortgaged, and though he did prepare the mortgage and bond, this would not make him an agent with authority to collect the principal and interest of the mortgage loan. All these are acts consistent with the duties of an attorney for his client. From the evidence it appears that Rice was acting in that capacity for the appellant and not as an agent for the appellee. She knew nothing of any payments that had been made to Rice and it is not shown that either Breck or Woodruff, who acted after Breck's death, knew of payments unaccounted for that had been made to Rice. If they had known, it would not bind the appellee. It was for the appellant to see that the money was properly applied. It is significant that in a mortgage, payable five years after date, the appellant paid every six months to the alleged agent, a certain sum of money for the mortgagee's benefit, without inquiry as to the agent's authority to waive the terms of the mortgage. The mortgage and bond were in the possession of the appellee and no inquiry was made at the time of the alleged payments concerning them. It is the duty of a debtor, bound by an obligation in writing, to see that the person to whom he pays money for his credit has authority to collect the money. The declarations of the supposed agent would not be sufficient until there is some evidence tending to show that he has such au-thority. If such direct evidence be lacking, then the person claiming such authority should have possession

204, (1916).]          Opinion of the Court.

of the evidence of indebtedness, which would give color of authority: Mynick v. Bickings, 30 Pa. Superior Ct. 401. A person dealing with an agent is bound to ascertain the extent of the agent's authority: Central Pa. Tel. & Supply Co. v. Thompson, 112 Pa. 118. The reason for this rule is more apparent from the evident disregard of the mortgage by this supposed agent and the appellant. There is no evidence that Breck selected Rice to take care of any matter and the receipt of money by Breck and Woodruff from Rice, without anything more, would not amount to a ratification of Rice's acts as a supposed agent. The court did not abuse its discretion in refusing to open the judgment.

Comment has been made upon the fact that the court below did not file an opinion. This practice was condemned by this court and the Supreme Court in a number of cases. The facts in this case are very clear, but it does not excuse the failure of the court to file an opinion: Pfaff v. Thomas, 3 Pa. Superior Ct. 419; Fisher v. King, 153 Pa. 3.

The assignments of error are overruled and the judgment is affirmed.