## Eagler et ux., Appellants, *v.* Cherewfka et ux.

*Judgment—Opening judgments—Mortgages—Payments—Evidence—Insufficiency—Agents—Sub-agents.*

If a party, who can read, will not read a bond or mortgage put before him for execution; and if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which is not a subject of protection either in equity or at law.

Where, in a petition to open a judgment, the defendants alleged that they did not know that the bond had been given to a certain party, but did not disclose that there had been any fraudulent representations or deceit practiced, which induced them to execute the instruments, they are estopped to deny that fact.

On a rule to open a judgment it was claimed that payments were made by the defendants to a representative of the mortgagee and that the debt was discharged to the extent of the payments. The answer denied that the person to whom the money was paid was the agent for plaintiffs or was authorized to receive any payments on account of the mortgage.

The evidence produced by the defendants, in support of the rule, was that the person who received the money was acting as a sub-agent for the agent of the mortgagee. Under such circumstances the burden was upon them to prove not only the appointment of such sub-agent by the agent, but also the authority of the agent to appoint the sub-agent. There being no evidence which would warrant a finding that the agent was authorized to delegate his authority to a sub-agent, the defendants failed in their attack upon the judgment and the rule should have been discharged.

Argued March 2, 1925. Appeal No. 14, February T., 1925, by plaintiffs from judgment of C. P. Luzerne County, December T., 1922, No. 860, in the case of John Eagler and Annie Eagler v. John Cherewfka and Annie Cherewfka. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open judgment.   Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John H. Bigelow,* and with him *John H. Bonin,* for appellants.

*Thomas F. Farrell,* and with him *James P. Costello* and *James P. Costello, Jr.,* for appellees.

OPINION BY PORTER, J., July 9, 1925:

This is an appeal from an order of the court below opening a judgment, entered by confession, upon a bond, which accompanied a mortgage.   The judgment was entered on November 22, 1922, and the petition to open the judgment was presented on December 28, 1922.   The petition to open averred that the defendants had, on August 7, 1919, purchased a lot on which was erected a double dwellinghouse, from one Harry M. Beach; that they paid to said Beach the sum of $1,000 in cash, "and executed, so far as defendants were informed and believed, a mortgage upon said premises in favor of said Beach for $3,000, the balance of the purchase money; that on October 25, 1922, the defendants were informed for the first time that the mortgagees in said mortgage are the plaintiffs above named."   Their petition further averred that "Before receiving said notice, petitioners had paid to said Harry M. Beach, who in receiving said payments was acting as the authorized agent for said mortgagees and with said mortgagees' knowledge and consent, payments to apply on the principal of said mortgage to the amount of $2,434."   The court granted a rule to show cause why the judgment should not be opened.

The plaintiffs filed an answer averring that the bond and mortgage were executed and delivered on the 7th day of August, 1919, and were a direct obligation to these plaintiffs. The answer specifically denied that Harry M. Beach had ever acted as agent for the plaintiffs or been authorized to receive for them any payment on account of the said mortgage. It specifically averred that at no time did Harry M. Beach act as the authorized agent of the deponents in the collection of any sums of money whatsoever. It averred that Harry M. Beach had never paid over to the plaintiffs any sum on account of the principal debt. Depositions were taken by the parties and the court after a hearing made absolute the rule to open the judgment, from which order we have this appeal.

It is here to be observed that the petition to open the judgment did not deny the execution of the bond and mortgage and it distinctly admitted that they were given to secure an existing debt. The allegation that the defendants believe that the bond and mortgage were in favor of Beach is not worthy of serious consideration, in the absence of any evidence that that belief was induced by fraud, misrepresentation or deceit. The evidence in support of the petition did not disclose that there had been any fraudulent representations or deceit practiced, which induced the defendants to execute the instruments. They signed the instruments, if their testimony is to be believed, without making any inquiry as to their contents. "If a party, who can read, will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or at law": Greenfield's Estate, 14 Pa. 489; Pennsylvania R. R. Co. v. Shay, 82 Pa. 198; Goldberg v. Knickerbocker Insurance Co., 82 Pa. Superior Ct. 302. Under the averments of the

petition to open and the testimony produced in support thereof by the defendants, it would be error to submit to the jury the question of whether the defendants knew, at the time they executed the bond, that the debt which it secured was to be paid to these plaintiffs. The defendants were estopped to deny that fact.

It remains to be considered whether there was any evidence of the authority of Beach to receive for these plaintiffs payments on account of the principal debt. The averments of the petition, that he had such authority, were not only broad but specific. The evidence produced by the defendants, unfortunately, utterly failed to establish that Beach had any such authority. Beach had acted as agent for the defendants in collecting the rents for the property, securing tenants for the houses, and they had paid him money, not only sufficient to pay the interest on the mortgaged debt but to make substantial reductions of the principal. Thomas J. Whittaker was the agent of the plaintiffs and Beach had, from time to time made payments of the semi-annual installments of interest to Whittaker, but Beach had never paid over to Whittaker any of the sums which he had received from the defendants to be paid on account of the principal. These plaintiffs had reposed exclusive confidence in Whittaker, they had not authorized him to delegate his authority to any other person. The plaintiffs did not know that Beach was even pretending to act as their agent, nor did they know that he was receiving from the defendants moneys to be applied to the principal of the mortgage debt. The defendants attempted to remedy this fatal defect in their evidence by producing testimony tending to establish that Whittaker knew that Beach was receiving money from the defendants, and which they here argue was sufficient to warrant a finding that Whittaker had authorized Beach to collect money on this mortgage debt. The defendants are thus seeking

to avail themselves of the acts of Beach, an alleged sub-agent, and the burden was upon them to prove not only the appointment of such sub-agent by the agent (Whittaker in this case), but also the authority of the agent to appoint the sub-agent: American Underwriter's Association v. George, 97 Pa. 238. There being no evidence which would warrant a finding that Whittaker was authorized to delegate his authority to Beach, the defendants failed in their attack upon the judgment. If the order opening the judgment is permitted to stand and the defendants present only the same evidence which we have upon this record it would be the duty of the court to give binding instructions for the plaintiffs. This is, therefore, not a case in which the evidence produced by the defendants would warrant a finding in their favor, and the learned judge of the court below erred in making absolute the rule to open the judgment.

The order of the court below making absolute the rule to show cause why the judgment should not be opened is reversed, and said rule is discharged and the judgment reinstated.