## Wallace *v.* Shifflet et ux., Appellants.

*Judgments—Opening judgments—Evidence—Sufficiency.*

On a rule to open a judgment, the decree of the lower court discharging the rule will be affirmed, where there is no abuse of discretion.

*Principal and agent—Mortgagor—Mortgagee—Payments on account—Agency.*

Where mortgagors make payment on account of principal and interest to an attorney, who was never authorized to act as agent for the mortgagee, and where the evidence is strongly to the effect that the attorney was acting for the mortgagors, there is no abuse of discretion in refusing to open the judgment entered on the bond accompanying the mortgage.

Argued April 21, 1925.    Appeal No. 41 April T., 1925, by defendants from judgment of C. P. Lawrence County, June T., 1922, No. 281, D. S. B., in the case of Fred F. Wallace now for the use of the Lawrence Savings and Trust Company, now for the use of W. C. Nemo, v. Algourn J. Shifflet and Clara M. Shifflet, his wife, and Edward L. Kingsley, his wife, terre tenants. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Rule to open judgment.    Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule.    Defendants appealed.

*Error assigned* was the decree of the Court.

*C. A. Patterson,* of *Gilfillan & Patterson,* for appellants.—The case was for the jury to determine the question of the agency of the attorney: Colonial Trust Company v. Davis, et ux., 274 Pa. 363; Mynick v. Bickings, 30 Pa. Superior Court 401; Williams v. Leach, et al.,——Pa. Superior Court 272; Browne, et al. v. Hoekstra, 279 Pa. 418; Buck v. Henry, 52 Pa. Superior Court 477.

*W. Walter Braham,* of *Aiken & Braham,* for appellees.—There was no abuse of discretion in refusing to open the judgment: Stewart v. Stewart, 246 Pa. 344; Wright v. Linhart, 243 Pa. 221; Augustine v. Wolf, 215 Pa. 558; Blauvelt v. Kemon, 196 Pa. 128; Colquhoun v. General Flooring & Mfg. Co., 62 Pa. Superior Court 85; Frey v. Gingrich, 55 Pa. Superior Court 415; Bastian v. Paulhamus, 33 Pa. Superior 341; Wernet's Appeal, 91 Pa. 319; Krall v. Lebanon Valley Savings & Loan Association, 277 Pa. 440; Freeman v. Sanner, 11 Pa. Superior Court 42.

The attorney was agent for the mortgagors: Pepper v. Cairns, 133 Pa. 114; Groninger v. Acker, 32 Pa. Superior Court 124; Rishel v. Crouse, 162 Pa. 3; Goll v. Zeigler, 61 Pa. Superior Court 616.

OPINION BY LINN, J., July 9, 1925:

This is an appeal from the refusal to open a judgment entered by confession on the bond accompanying a mortgage given by Shifflet and wife to Wallace; Wallace assigned to Lawrence Savings and Trust Company, which in turn assigned to Nemo, the use-plaintiff, who entered the judgment. Shifflet and wife sold the premises subject to the mortgage to Kingsley and wife, who agreed to pay the balance due, and who are also parties to this proceeding as terre tenants. Shifflet and wife filed the petition to open; Kingsley

and wife asked, and obtained leave, to intervene. Nemo filed an answer. On the issue so raised the court heard testimony. The defense of Shifflet, the mortgagor, and of Kingsley, the terre tenant, was payment to one Uber alleged to be Nemo's agent. Nemo met that defense with evidence that Uber was not his agent but the agent of the defendants. The court below held with Nemo and discharged the rule to open.

Appellants recognize that their application is addressed to the equitable powers of the court below, and that here the single question is whether there has been abuse of judicial discretion. There is no doubt that the amount in dispute was paid by the defendants; but it is likewise true that Nemo did not receive it; the money was received by a defaulting lawyer, Uber. The question is, on whose behalf did Uber receive it; as agent for Nemo, or as agent of the defendants for the purpose of transmitting it on their behalf to Nemo? When the evidence was taken, Uber was dead.

The bond and mortgage were executed in 1909. In 1910 the mortgagors, Shifflet and wife, were notified by the mortgagee that he desired his money, and they engaged Uber to obtain a loan for them for the purpose of paying the mortgagee. For them, Uber obtained the assignment of the mortgage to Nemo; though Shifflet did not then know Nemo had become assignee. Shifflet testified that "later on I understood that W. C. Nemo owned the mortgage, by his name being on the receipts which I paid to Mr. Uber," Shifflet apparently paying interest to Uber who transmitted it to Nemo. When the mortgage was assigned to Nemo, $2,100 appeared to be due thereon, but Shifflet contended that in addition to paying the interest from time to time as it became due, he also paid to Uber $800 on account of the principal, so that at the time the land covered by the mortgage was sold to Kingsley, but $1,300 would remain due. Of the $800 principal which Shifflet asserts that he paid to Uber, only $400 appears by the

evidence to have been paid by Uber to Nemo. Shifflet never had any communication with Nemo. Uber did not have possession of the bond and mortgage or any documentary authority to act for Nemo in collecting principal.

With the transaction in that condition, Shifflet sold the property to Kingsley and engaged Uber to "write the deed." Settlement was made in Uber's office. Shifflet understood that the alleged balance of principal,—as he had figured it, $1,300,—would be paid out of the consideration to be paid by Kingsley at the time of the settlement. Kingsley testified that to enable him to pay the $4,300, payable to Shifflet for the property, he had to borrow $2,300 and that he had arranged to borrow that sum from Uber; that he did not know Nemo in the transaction, but that Shifflet received the money "to pay off the mortgage." He also testified, "Mr. Shifflet told me that Uber had his money on the place there and we would go there, [to Uber's office] it was where we would have to go to transact the business." Notwithstanding his testimony that his understanding was that the mortgage was to be satisfied at the time of the conveyance to him, the deed to Kingsley provided that the premises were sold subject to a balance of $1,300 on the mortgage debt in question, and that the grantee by accepting the deed, agreed to pay that balance of the principal. He says that he did not observe this covenant until some five or six months after the deed was recorded, but he appears to have done nothing about it. At the settlement, Mr. Kingsley paid Mr. Uber "fifty dollars and some cents, something like that to pay for getting the money;" Uber also examined the title for Kingsley and told him it was "all right." He asked Uber where he got the money and Uber said he got it "from the bank," whereupon Kingsley and wife executed the mortgage to Uber, trustee, to secure the repayment of the $2,300 supplied to Kingsley by Uber. The record shows that in some

way Uber obtained from the Kingsleys two bonds for the amount of this loan. He also testified that he did not ask Uber whether he had any power of attorney or other authority to act for Wallace or Nemo. Shifflet offered in evidence two receipts signed by Uber, each acknowledging the receipt of "$245, $200 on prin. and $45 int." They are signed L. M. Uber, with nothing to indicate that he purported to act for Nemo nor is there any indication that the payments related to the mortgage held by Nemo; they do show Mr. Shifflet's excess of confidence in the unworthy Uber.

Nemo testified that he lived in the adjoining county and was notified by Uber "that he had a good loan;" that he went to Lawrence County and examined the property offered as security and told Uber he would lend the money. He paid it over when the mortgage was assigned to him. He testified that he had not authorized Uber to represent him; that he did not know Shifflet had sold the property to Kingsley until more than two years after the sale; that the interest was paid to him by Uber and that he received $400 from him on account of principal; that he never placed any money with Uber for the purpose of making loans for his account.

It appears, therefore, that Mr. and Mrs. Kingsley had never heard of Nemo and sustained no relations with him. They employed Uber and Uber acted as their agent. They cannot therefore complain of the action appealed from. On the other hand, Mr. and Mrs. Shifflet had heard of Mr. Nemo. They had, however, employed Uber to find the money for them when desired by their mortgagee, Wallace. As their agent, Uber found a lender, Nemo, and they paid Uber for his services. The evidence concerning the payment of $800 on account of principal is indefinite and unsatisfactory; they produced only two receipts, already referred to, in which Uber appeared to be dealing as principal, and reciting only the payment of $400 prin-

cipal. They produced no documentary evidence of any kind that they had paid any more on that account, and in entering his judgment Nemo gave credit for all the money that it was shown he received from Uber.

The evidence is so strongly to the effect that in making the payments to Nemo, Uber was acting for Mr. and Mrs. Shifflet that we are constrained to agree that there was no abuse of judicial discretion in discharging the rule.

The judgment is affirmed.