Borland *v*. Wible et al.   Appeal of Troy.

Argued April 18, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ.

42

*James Gregg,* of *Gregg & Gregg,* for appellants, cited: ⸴ Colonial Trust Co. v. Davis, 274 Pa. 363; Peters v. Alter, 89 Pa. Superior Ct. 34; DeTurck v. Matz, 180 Pa. 347; Williams v. Cook, 289 Pa. 208.

*Charles C. Crowell,* and with him *Howard H. Whitehead* and *Daniel V. Crowell,* for appellee, cited: Dobbs v. Zink, 290 Pa. 243; Fischer v. Hale, 63 Pa. Superior Ct. 204; Browne v. Hoekstra, 279 Pa. 418; Bosler v. Searight, Stuart's Appeal, 149 Pa. 241; Foos v. Pogar & Pogar, 84 Pa. Superior Ct. 54.

OPINION BY TREXLER, J., July 12, 1928:

Judgment was entered upon two bonds each in the sum of $1,500, signed by Albert G. Wible and Mary Wible; the one payable to Kate J. Borland the other to Margaret A. Borland which bonds were secured by a mortgage in the sum of $3,000. These papers all bore the date December 15, 1911, and on April 24, 1924, judgments were entered by virtue of the warrants of attorney contained in the bonds.

On October 25, 1926, T. P. Troy and Catharine G. Troy, presented their petitions setting forth the existence of the two bonds and the accompanying mortgage and that they were the present owners of the property subject to the mortgage and that the mortgage had been fully paid and that the same had been satisfied of record by virtue of what was called a satisfaction piece, that Kate J. Borland was now the sole owner of the debt if any there was and that she, notwithstanding the satisfaction of the mortgage, had entered the judgments for $1,500 on each bond, pray-

ing that said judgments be opened and the petitioners let into a defense.

Whereupon, the court appointed a commissioner to take testimony who reported that the clear weight of the evidence was against the petitioners and that the equities were not with them and recommended the court that the rule be discharged. The court, after consideration of the testimony, discharged the rule to show cause why the judgment should not be opened. This action of the court is assigned for error.

It would require too much space to discuss at length the testimony submitted. The matter was one which was largely within the discretion of the lower court and unless there be an abuse of discretion, we should not reverse its conclusion. The trial judge in his opinion states in substance: It appears that William F. Wegley, an attorney-at-law, sustained intimate business relations with the mortgagees, made investments for them and collected the interest on this and other mortgages for them for some years. When the terre tenants, the petitioners, paid the principal of the mortgage to Wegley, he kept the money and then to conceal his guilt, continued to pay the interest on the mortgage. Wegley did not have possession of the mortgage or the bonds, nor did he have any satisfaction piece signed by the mortgagee. T. P. Troy, who was the actor in the matter, demanded the mortgage and bond and satisfaction piece of Wegley, but did not persist in the demand after Wegley gave him a receipt and promised to mail the papers to Troy, which he never did. Wegley thereafter forged a satisfaction piece and satisfied the mortgage and as was said above, continued to pay the interest thereon. Troy never investigated the reason why the papers were not delivered to him. Had he not been careless in this regard, the fraud could have been discovered. The mortgage and bonds remained in the possession of the mortgagee throughout.

The authority given to Wegley to collect the interest did not confer the right to collect the principal, and when the terre tenant paid the principal sum to one claiming authority to receive the same on behalf of the mortgagee, he took the risk of such statement being true. Browne v. Hoekstra, 279 Pa. 418; Mynick v. Bickings, 30 Superior Ct. 401; Williams v. Cook, 289 Pa. 207, 212; Colonial Trust Co. v. Davis, 274 Pa. 363; Goll v. Ziegler, 61 Pa. Superior Ct. 616; Fischer v. Hale, 63 Pa. Superior Ct. 204; Peters v. Alter, 89 Pa. Superior Ct. 34.

The only possible ground to sustain appellants' contention would be to find that from the previous course of dealing between Wegley and the mortgagees, Wegley's authority to collect the principal could be inferred. The terre tenants offered a number of checks all drawn to the order of Kate Borland, the mortgagee, for various sums and issued between July 10, 1918 and February 25, 1924, all designated for "interest" excepting two, dated respectively, July 10, 1918 and July 23, 1919. In the first the words "share principal and interest" and the second, "principal" are found. These two checks among so many extending over a long period are a slim foundation upon which to base a course of conduct and thus confer upon Wegley a right to collect the principal of the mortgage in question. We know not the particulars of the transactions involved in said checks, the first check seems to have concerned a partial ownership in the mortgage. As to the second, how Wegley figured in the transaction, does not appear. He may have acted for the mortgagor. A course of conduct cannot be inferred from two such instances among so many without giving the circumstances surrounding them, showing ratification. It is not claimed by the mortgagee that she never received Wegley's check for a mortgage, but she testified consistently that she would not surrender the possession of a mortgage until the

check for it was received. "The position of an investor would be most precarious if the fact that he employs an attorney from time to time when making loans and authorizes him to make collections of interest, and in special cases of the principal due on securities, is sufficient to warrant a finding of authority generally to collect the principal of all his client's mortgages and that, too, when the latter keeps possession of his obligations." Mynick v. Bickings, supra.

The lower court was fully justified in refusing to open the judgment. The order is affirmed in each appeal.