Pore *v.* Duke et ux., Appellants.

Argued March 19, 1931.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*Wm. S. Rial,* with him *H. E. Marker* and *A. N. Pershing, Jr.,* for appellants.—Bell & Bell, attorneys-at-law, were the general agents for Mrs. Pore in making loans.

It is clear from undisputed testimony that there was authority on the part of the general agents to appoint a subagent.

The authority of a general agent to contract so as to bind his principal is only limited to the usual and ordinary means of accomplishing the business entrusted to him: Williams v. Getty, 31 Pa. 461; Peck v. Harriott, 6 S. & R. 146; Louden S. Bank v. Bank, 36 Pa. 498.

Tracy acted as agent of Bell & Bell in securing this mortgage and collection of principal and interest on same over a period of ten years: Dobbs v. Zink, 290 Pa. 243; Colonial Trust Co. v. Davis, 274 Pa. 363.

Declarations of an agent are admissible to bind the principal if there is independent proof of the agency: Singer Mfg. Co. v. Christian, 211 Pa. 534; Flannery Bros. v. Ins. Co., 175 Pa. 387.

This case is within the rule of Williams v. Cook, 289 Pa. 207.

*Albert H. Bell,* with him *J. Clarke Bell,* for appellee. —It is not contended that John E. Tracy was the agent of the mortgagee or of Bell & Bell by appointment. It cannot be contended that he was the agent of either the mortgagee or the attorneys by ratification for the reason that there is no evidence that either the mortgagee or her attorneys knew that Tracy was collecting principal, and one of the essentials of such form of agency is that the principal must have full knowledge of the facts, and, after knowledge, approve the alleged agent's unauthorized acts: Froio v. Armstrong, 277 Pa. 18; Browne v. Hoekstra, 279 Pa. 418; Fischer v. Hale, 63 Pa. Superior Ct. 204.

Declarations of the alleged agent (Tracy's books) may be received to corroborate other evidence of agency but they will be received subject to the condition that

they be followed by independent proof of agency: Stewart v. Machine Co., 200 Pa. 611; Car Co. v. Water Co., 218 Pa. 542-552; Fischer v. Hale, 63 Pa. Superior Ct. 204; Eagler v. Cherewfka, 86 Pa. Superior Ct. 122.

OPINION BY MR. JUSTICE WALLING, April 13, 1931:

This appeal by defendants, is from the lower court's refusal to open a judgment entered upon a bond accompanying a mortgage. The record discloses nothing to indicate that the court abused its discretion therein. In May, 1918, J. E. Tracy, a real estate agent at Greensburg, negotiated the purchase of a house and lot on Concord Street in that city for the defendants, Philip Duke and wife. They needed $2,000 to complete the purchase, which Tracy secured for them by a loan on the property. This he negotiated through Bell & Bell, attorneys for the plaintiff, Lottie Pore, and for which the defendants gave her the mortgage and bond in suit, the business being done through the attorneys. The loan was for three years, with semiannual interest. The defendants paid Tracy the interest and, commencing in October, 1918, installments upon the principal, so that by November, 1920, they had paid him sufficient to liquidate the entire loan, principal and interest, for which they had taken his receipts. They were not familiar with business and treated him as the proper one to whom payments should be made, although he had neither real nor apparent authority to receive the same.

Tracy embezzled the $2,000 so paid him on account of the loan, but, to hide his crime, paid the plaintiff, through Bell & Bell, her attorneys, the semiannual interest on the loan, as it fell due, until he fled in the summer of 1928. Plaintiff was content to let the loan remain so long as the interest was paid promptly and the defendants, as they had Tracy's receipts in full, never gave the matter a thought. This is a hard case, but the question of who must bear the loss is not difficult of solution. Plaintiff never knew Tracy and never constituted him

her agent, directly or indirectly. So far as he paid her attorneys the interest money it was all right, but in that, as in negotiating the loan, he was acting for defendants and the commissioner and lower court properly so find. In paying him, they assumed the risk of his honesty. Tracy did not even sign the receipts as agent for Mrs. Pore or even as agent. Her name does not appear therein.

The burden of proving an agency is on him who asserts it: Dobbs Exr. v. Zink et ux., 290 Pa. 243. There is here not only an entire lack of proof that Tracy had been expressly constituted agent for Mrs. Pore, but also an entire lack of any course of dealing by which an agency could be implied. He had never done any business for her directly or through her attorneys. It is the duty of one paying a mortgage or other obligation to ascertain that he is paying the right party. A neglect of this simple precaution may cause great hardship. See Lewis v. Matias et ux., 300 Pa. 238; Peters v. Alter, 89 Pa. Superior Ct. 34; Goll v. Ziegler, 61 Pa. Superior Ct. 616. It could not have been within the scope of Tracy's authority for he had none, real or apparent. There could be no implied authority as he had never acted for plaintiff in any capacity. By placing the money in Tracy's hands, defendants put it within his power to commit the wrong, hence they and not plaintiff must bear the loss: Sterling's Petition, 292 Pa. 195; Froio et ux. v. Armstrong et al., 277 Pa. 18. He whose agent the defaulter is must bear the loss. See Ref. Presby. Church v. Livingston, 210 Pa. 536. Where the evidence tends strongly to show that the one receiving the money was acting for the mortgagor, there is no abuse of discretion in refusing to open the judgment entered on the accompanying bond: Wallace v. Shifflet et ux., 86 Pa. Superior Ct. 327. Notwithstanding the commissioner's finding of a general agency on part of Bell & Bell to act for Mrs. Pore, we cannot sustain the finding that such relation existed. She employed them

to look after the details of all of her loans, such as searching records, preparing papers, making collections for her, etc., but, so far as appears, she kept possession of all of her own money and of all of her securities. She made a check for this loan and the mortgage in question was sent directly to her by the recorder and she still has it as she also had the bond until it was entered in judgment. Their agency was the same as that of thousands of attorneys throughout the Commonwealth who look after the loaning of money and making collections for clients. We cannot adopt the rule that each attorney is a general agent of all clients for whom he so acts, or that one client can be deprived of his property by the manner in which the attorney transacts the business of other clients. The relation of attorney and client is one of personal trust and confidence which the former cannot delegate to a third party.

The defense sets up the ingenious theory of a general agency in Bell & Bell and that, hence, plaintiff is concluded by the manner in which they did business for other clients. If this could be conceded, which it cannot, it would not avail defendants; for while Tracy occasionally paid Bell & Bell, as attorneys for other clients, small amounts to apply on the principal of loans, it does not appear whether in so doing he was acting as agent for Bell & Bell or for the debtors in such loans. Had Tracy been clothed with authority to collect the interest on the loan, which he was not, it would have given him no right to collect the principal: Williams v. Cook, 289 Pa. 207; Brown et al. v. Hoekstra, 279 Pa. 418; Borland v. Wible et al., 94 Pa. Superior Ct. 41. Possession of the securities would have been some evidence of Tracy's authority, but he had neither the bond nor mortgage and no credit for the payments was endorsed by him upon either, nor upon the mortgage record, and he had no authority, written or oral, to receive the money. "Where one desires to avail himself of the acts of an alleged subagent as against the principal,

he must prove both the appointment of such subagent by an agent, and the authority of the agent to appoint the subagent": American Underwriter's Assn. v. George, 97 Pa. 238. There is no contention that Bell & Bell actually appointed Tracy as subagent for Mrs. Pore, but we are asked to infer such subagency from a course of dealing between them and Tracy with reference to loans for other clients. Even if Bell & Bell were her general agents and as such could appoint a subagent they never attempted to do so. The case is somewhat like Peters v. Alter, supra, where a refusal to open the judgment was affirmed. See also Mynick v. Bickings, 30 Pa. Superior Ct. 401; Fischer v. Hale, 63 Pa. Superior Ct. 204.

While the defendants, as hard working people, are entitled to sympathy, yet they did the business so regardless of common prudence as to deprive them of any legal relief. Controlling importance cannot be given to the fact that the defendants paid their money to Tracy long before the due date of the mortgage, nor to the fact that plaintiff allowed it to remain uncollected for years afterward. They were striving to get free of debt and she was glad to leave her money well invested. It is unnecessary to refer to the several cases cited for appellants, for in no case so cited are the controlling facts similar to those presented by this record.

The judgment is affirmed.