## Sherts, Executrix, v. Fulton National Bank of Lancaster

*William B. Arnold* and *Windolph & Mueller*, for plaintiff.

*John E. Malone*, for defendant.

SCHAEFFER, J., February 9, 1940.—Plaintiff, Anna G. Sherts, executrix of the will of H. Edgar Sherts, deceased, who was trustee for the parties named in the caption of this suit, sued defendant bank in assumpsit to recover the sums of money alleged to have been wrongfully appropriated by defendant bank. It is averred in plaintiff's amended statement of claim that certain bank accounts in the names of "H. Edgar Sherts, attorney" and "H. Edgar Sherts, farm account", aggregating $2,691.01, were appropriated by defendant bank on October 28, 1938, and applied toward the payment of H. Edgar Sherts' individual indebtedness to the bank.

An affidavit of defense has been filed raising questions of law. Defendant contends that if plaintiff's action is

based upon a trust arrangement or agreement then plaintiff's amended statement of claim is insufficient because it fails to set forth the terms of the trust. Plaintiff in this suit is Anna G. Sherts, executrix of the will of H. Edgar Sherts, deceased, and in the caption of the suit it is set forth that he was trustee of the funds in controversy for the School District of Pequea Township and other parties therein named. Plaintiff's contention is that the statement of claim alleges that the legal right to demand the deposits in defendant bank was in H. Edgar Sherts and that equitable title thereto was in his clients as named. In this connection the relationship between attorney and client requires consideration. In O'Donnell v. Breck, 7 Pa. Superior Ct. 24, involving an attorney and client, Judge Orlady said (p. 27) :

"The courts have carefully refrained from defining the particular instances of a fiduciary relation in such a manner that other and perhaps new cases might be excluded. It is settled by an overwhelming weight of authority that the principle extends to every possible case in which there is confidence reposed on the one side, and the resulting superiority and influence on the other. . . . .

"The name given to the relation is not material. The law looks to the substance and not at its shadow."

An attorney may act for his client in different capacities depending upon the nature of the transaction. The relationship is not a general agency nor is it a trust in the usual sense of that term, but as stated by Mr. Justice Walling in Pore v. Duke et ux., 303 Pa. 528, 532:

"We cannot adopt the rule that each attorney is a general agent of all clients for whom he so acts. . . . The relation of attorney and client is one of personal trust and confidence".

The exact status as between H. Edgar Sherts and his clients, so far as the instant case is concerned, is not so material as is the question of determining the status of the deposits in controversy as to ownership. The bank's claim is against H. Edgar Sherts in his own right and

for his individual debt, whereas, the contention of plaintiffs is that H. Edgar Sherts had no property right in the funds in controversy, the same being in third persons named in the caption of the suit as well as in the statement of claim.

At the argument it was stated on behalf of defendant bank that the real situation is not disclosed by plaintiff's amended statement of claim because the accounts in question were opened in H. Edgar Sherts' individual name in 1929 and so carried on the records of defendant bank until he became ill in 1934. It was also stated at bar that the word "attorney" was added to the account pursuant to a written power of attorney executed by H. Edgar Sherts in his lifetime. At this stage of the case this cannot be considered in disposing of the questions now involved. It is rather a matter of defense on the merits of the case.

In Vosburgh's Estate, 279 Pa. 329, 332, it is said: "The term 'trust' is a very broad and comprehensive one. Every deposit is a trust, except possibly general bank deposits; every person who receives money to be paid to another or to be applied to a particular purpose is a trustee, if so applied as well as when not so applied."

The new Pennsylvania Rules of Civil Procedure relating to real parties in interest, effective September 4, 1939, are not applicable to the instant case, but it may not be amiss to refer thereto by way of analogy. Pa. R. C. P. 2002 is in part as follows:

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading".

Defendant further contends that the amended statement of claim "fails to set forth whether the alleged trust is joint or several." This suit was instituted in 1939. The Act of June 25, 1937, P. L. 2072, sec. 1, provides as follows:

"That all parties who have a right of action, whether jointly, severally or in the alternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action."

Defendant raises the further questions that the amended statement of claim avers, "the decedent, H. Edgar Sherts, was acting as 'agent', as 'attorney', and as 'trustee', without averring specifically in which capacity he was acting", and that it does not set forth "any definite cause of action."

In Franklin Trust Co. of Phila., 319 Pa. 367 (1935), it was decided that a bank may not set off, against a debt due the bank by the depositor individually, deposits in accounts in the name of the depositor, designated "agency account", or "insurance account", where the funds represented by such deposits are the property of third persons; and this is so although the bank has no knowledge or notice, beyond the mere designations of the accounts, of any fact indicating the nature of the depositor's business or the nature of the funds contained in the accounts. It was decided that agency accounts are prima facie not the account of the agent but of the principal although the principal is not disclosed. However, in determining the right of set-off the actual ownership of the deposit may be established by competent evidence. At page 370 of the opinion it is said:

" 'The names in which suit could be brought and defended furnish an indication, but are not the only criterion, of the right of set-off. To whom do the funds really belong? Mutuality of right in a set-off is not circumscribed by the "right to bring an action," but the broader question may be and generally is of importance. Whose money or claim is proposed to be used as a set-off? This is the true equitable principle which governs such questions.' "

Defendant has cited from Michie on Banks and Banking, vol. 5, page 166, sec. 76, the following:

"Where an attorney deposits money in a bank in his name as attorney, the same relation exists between him and the bank as between it and any other general depositor; the relation of trust between the attorney and his client does not pass to or charge the bank as trustee of the client in respect to the money so deposited." Defendant also refers to the syllabus in First Denton National Bank v. Kenney, 116 Md. 24: The name of the drawee in a check was followed by the abbreviation "Atty", and there was a marginal note, "in full for A. J. K. mortgage." Held, that the abbreviation did not give notice to the bank in which the check was deposited that it was impressed with a trust, for "attorney" may mean "assignee", "agent", or "attorney-at-law", and the marginal memorandum did not broaden that meaning; for banks are not required to notice marginal memoranda.

The earlier attitude of court and bank toward a depositor's account in his name as "attorney" is expressed by the Supreme Court in Bank of the Northern Liberties, etc., v. Jones & Cole, 42 Pa. 536 (1862). Mr. Justice Read said at page 542 of the opinion: "It is proper to say that such an account as the present, not designating the individuals who are the real owners of the money deposited, should be avoided both by the bank and its customer, and I am informed by the cashier of one of our oldest banks of large capital in this city, 'that his institution invariably refuses to open an account with the addition of "agent" or "*attorney*" to the proper name of the depositor.'" (Italics supplied.) In Laubach v. Leibert, 87 Pa. 55 (1878), it was decided that the word "assignee" appended to the name of a depositor in his bank account does not earmark the fund and gives it no identity as belonging to any particular person or fund. However, the Supreme Court in the recent case of Franklin Trust Co. of Phila., supra, at page 372 of the opinion said:

". . . we are very much in doubt . . . whether that would be held now as the law." In Franklin Savings & Trust Co. v. Clark, 283 Pa. 212, the account was marked "special", but it was proven that it was used by the depositor not only for his general business purposes but also for domestic purposes and was checked out indiscriminately. The court held that it was in fact a general deposit and was so known and acted on by the bank. Mr. Justice Kephart in his opinion at page 218 said: "Whether a deposit is general or special depends on the facts and circumstances attending its making. . . .

"Money may be deposited specially, which has no relation whatever to bailment, trust fund or specific appropriation. . . . The word 'special' has no particular significance, as trustee, administrator and the like. A 'special' deposit in a bank of the kind appellant contends for, is one in which money is entrusted to a bank not to be used but to be kept safely and sufficiently returned. . . . But the word alone is not sufficient to convey that meaning. A deposit styled 'special' is insufficient to put the bank on inquiry".

Plaintiff's amended statement of claim shows a cause of action. The two bank deposits in controversy, whether held by H. Edgar Sherts as "agent", "attorney", or "trustee" are subject to proof by competent evidence as to "actual ownership". The instant case presents a situation " 'where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than presented by the bare pleadings,' " as stated in Rodgers v. Mann, 307 Pa. 452.

An affidavit of defense raising a question of law, commonly designated a statutory demurrer, is an admission of the truth of all the facts properly averred and sufficiently pleaded in the statement of claim. All fair and reasonable inferences deducible therefrom must be resolved in favor of the plaintiff: 4 Standard Pennsylvania Practice 57, §38.

And now, February 9, 1940, the questions of law are decided in favor of plaintiff and defendant is given 15 days from the date of this opinion to file an affidavit of defense on the merits.