Gianni *v.* Union Bank & Trust Co., Appellant.

Argued January 5, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Roland C. Heisler,* with him *Philip Wallis* and *Drinker, Biddle & Reath,* for appellant.

*Ralph B. Umsted,* of *Umsted & Wolfe,* for appellee, was not heard.

PER CURIAM, April 17, 1933:

Defendant appeals from the refusal of the lower court to grant its motions for new trial and for judgment non obstante veredicto in an action of assumpsit to recover the principal and interest of a bond and mortgage in the amount of $5,000 held by plaintiff on premises 4020 Kensington Avenue, Philadelphia. The facts were as follows:

On December 21, 1926, the mortgaged property was refinanced and settlement made at the Mutual Trust Company (whose liabilities were subsequently assumed by defendant) and, in accordance with a statement of amount due furnished by Emmet M. J. Reardon, a real estate broker who had purchased the mortgage for plaintiff and had acted for him in other similar business transactions, the principal and interest was paid defendant to be used in full payment and satisfaction of plaintiff's mortgage. The bank then paid this sum to Reardon, who converted it to his own use and subsequently went into bankruptcy. After receiving payment, Reardon secured plaintiff's signature to a blank printed form of power of attorney to receive the principal and satisfy the mortgage of record, which was sent to Reardon by defendant bank and which he represented to plaintiff pertained to an entirely different matter, i. e., the settlement of the estate of plaintiff's wife. Subsequent to execution by plaintiff, the power was filled in by Reardon by insertion of a description of the premises bound by the mortgage in question, and when received by the bank was relied upon as authority for the entry of satisfaction on the record and as ratification of the prior payment of the principal of the mortgage to Reardon.

The material questions of fact in this case were resolved in plaintiff's favor by the verdict of the jury. The agent, Reardon, testified on behalf of defendant that when he presented the power of attorney to plaintiff for his signature it was complete and regular on its face, and that plaintiff authorized him to retain the mortgage

money for reinvestment. The jury evidently disbelieved this testimony.

Appellant contends that plaintiff is estopped to deny ratification of the bank's act in paying the mortgage money to Reardon. Apart from the fact that the question of estoppel was not raised in the court below and for that reason need not be considered here, there can be no question of estoppel in this case. The payment to Reardon was made before plaintiff signed the power of attorney and was not an act done in reliance upon the power. "It is an essential element of equitable estoppel that the person invoking it has been influenced by and has relied on the representation or conduct of the person sought to be estopped": 21 C. J. 1126.

Defendant was at fault in paying to an agent who had no authority to receive the mortgage principal. The authority of an agent to receive payment of interest due on a mortgage does not make him an agent to receive payment of principal: Brown v. Hoekstra, 279 Pa. 418. See also Lewis v. Matias, 300 Pa. 238, 241, where we said: "A mortgagor before making payment to a pretended agent should ascertain the latter's authority by inquiry of the mortgagee or by the production of a power of attorney from him."

The judgment of the court below is affirmed.