## Brientnall, Appellant, v. Peters.

Argued December 3, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Chas. W. Eaby,* for appellant.

*J. W. Brown,* for appellee.

OPINION BY MR. JUSTICE DREW, January 7, 1935:

The facts of this case are almost exactly like those in Judith v. Dicola, No. 74, January Term, 1935, opinion this day filed. The only point of difference worthy of note is that the plaintiff here testified on cross-examination that "in some cases" Hetrick had collected, and she had accepted, payments of principal on mortgage loans which he had made to other mortgagors on her behalf. It is argued that this testimony brings the case within the doctrine of Patterson v. VanLoon, 186 Pa. 367, Colonial Trust Co. v. Davis, 274 Pa. 363, Williams v. Cook, 289 Pa. 207, and Dobbs v. Zink, 290 Pa. 243, that the authority of an agent to perform an act may be established by evidence of the principal's acquiescence in a series of similar acts by the agent.

We think the evidence in the instant case is not sufficient to bring it within that doctrine. The rationale of the doctrine is that the approval by the principal of a series of acts by the agent may give rise to a reasonable inference of authority to perform other acts of the same kind. See Restatement, Agency, section 43, comment b. It is obvious, therefore, that the acts must be so repeated and so connected in point of time as to be capable of giving rise to such an inference. In the present case the placing of mortgages and the collection of interest by Hetrick extended over a period of about twelve years. The only evidence of acquiescence by plaintiff in collections of principal by him was as stated above. Whether there were two such instances, or two dozen, is not shown by the testimony, and it is equally silent as to when they occurred. It might be that there were only two such cases, and that they were separated by a period of ten or twelve years. Certainly such a situation would not be enough to give rise to a reasonable inference of a general agency on the part of Hetrick to collect the principal of mortgage loans placed by him for plaintiff. It must not be forgotten that the burden was upon defendant to prove such agency, and that it was the es-

sential feature of her case. The proof falls far short of evidencing a course of dealing from which authority to collect principal could reasonably be inferred. It follows that the order of the court below must be reversed, for the reasons here expressed and for those stated in our opinion in Judith v. Dicola, above, page 353.

The order of the court below is reversed and the rule to open the judgment is dismissed; costs to be paid by appellee.