Judith, Appellant, *v.* Dicola et ux.

Argued December 4, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. H. Brown,* of *Bard & Brown,* for appellant.

*Daniel B. Strickler,* for appellees.

OPINION BY MR. JUSTICE DREW, January 7, 1935:

Plaintiff, holder of a bond and mortgage, entered judgment on the bond against defendants, the mortgagors, for $3,400, the full amount of the bond. Alleging that they had reduced their debt to $400 by payments to John N. Hetrick, who, they averred, acted as plain-

tiff's agent and attorney, defendants petitioned the court below for a rule upon plaintiff to show cause why the judgment should not be opened. After a hearing, the court made the rule absolute and framed an issue upon the question of Hetrick's agency for submission to a jury. Plaintiff appealed.

The facts of the case, as to which there is no dispute, were brought out fully at the hearing on the rule to show cause. In 1925, defendants, through Hetrick, a practicing attorney, bought the house and lot which are the subject of the mortgage in suit. Needing $3,400 to complete the purchase, they applied to Hetrick, who said that perhaps he could procure the money for them. He obtained from plaintiff a check for this amount, upon the understanding that he would place the money in a first mortgage on the property defendants were buying, and would collect the interest for her. Nothing was said, however, as to his collecting the principal. The money was used, as intended, to pay the balance of the purchase price, and defendants executed the bond and mortgage, which Hetrick drew up and delivered to plaintiff, who retained them in her possession. At the time the documents were executed Hetrick instructed defendants to make periodic reductions in the amount of the mortgage, and to make all payments, principal and interest, at his office. For over eight years defendants paid Hetrick in accordance with these instructions, paying $3,000 in reduction of the principal sum, and all interest due; during all this time Hetrick sent to plaintiff his own checks for the amount of the interest, but never informed her in any way of his collections of principal. He also failed to mark notice of partial satisfaction on the record of the mortgage, explaining to defendants that when they had finished paying the mortgage he would mark it satisfied in full. In 1933 Hetrick was overcome by his financial difficulties, and then, for the first time, plaintiff and defendants learned of his embezzlements.

Defendants having averred as an essential feature of their case that Hetrick was plaintiff's agent to receive the payments of principal which they made, the burden of proving that agency rested upon them: Lewis v. Matias, 300 Pa. 238; Pore v. Duke, 303 Pa. 528. They entirely failed to sustain this burden. The evidence shows that Hetrick, when he received from plaintiff the money for the mortgage, was given authority to collect the interest, but that nothing was said as to the collection of principal by him. It cannot be argued, therefore, that he possessed express authority to receive this money. Likewise, there is no room for a contention that he had an implied authority by reason of prior dealings with plaintiff, for no such prior transactions were shown. It is conclusively settled that authority to collect and receive the interest of a mortgage debt does not confer even apparent authority to collect the principal of the debt: Pore v. Duke, supra; Gianni v. Union Bank & Trust Co., 311 Pa. 121; Mynick v. Bickings, 30 Pa. Superior Ct. 401; see Browne v. Hoekstra, 279 Pa. 418; Williams v. Cook, 289 Pa. 207; Mielcuszny v. Rosol, 317 Pa. 91. The only evidence in the case which lends color to defendants' allegation that Hetrick had authority to receive the principal is the testimony of one of the defendants that Hetrick gave instructions that the principal of the mortgage debt was to be paid to him. This, of course, avails nothing; the authority of an agent cannot be established by his own representations: First Nat. Bank v. St. John's Church, 296 Pa. 467; Culbertson v. Cook, 308 Pa. 557. Although the loss was caused by the fault of neither plaintiff nor defendants, it must be borne by one side or the other, and the law is settled beyond question that, under circumstances such as were here present, an attorney authorized to receive payments of interest on a mortgage has thereby no authority, real or apparent, to receive payments of principal. Therefore it was error for the court below to open the judgment and award an issue.

356

The order of the court below is reversed and the rule to open the judgment is dismissed; costs to be paid by appellees.