## Beyer, Appellant, v. Lancaster Lodge No. 68 Knights of Pythias.

Argued November 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Chas. W. Baby,* for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY JAMES, J., March 9, 1936:

Max P. Beyer, appellant, obtained a rule in the common pleas to show cause why a mortgage in the sum of $1,000, which he had executed in favor of A. H. Hammond, later assigned to the Lancaster Lodge, No. 68 Knights of Pythias, should not be satisfied. The

petition alleged that on January 26, 1928, the appellant paid the principal and interest to John N. Hetrick as agent of the lodge. An answer was filed denying that Hetrick had authority either as agent or trustee to receive the principal of said mortgage. Depositions were taken on behalf of the appellant, and after argument, the court made an order discharging the rule, but framed an issue to be tried by a jury to determine whether the mortgage had been paid. From the order, this appeal was taken.

Under the Act of June 11, 1879, P. L. 141, as amended by the Act of May 13, 1931, P. L. 123 (21 PS §687, Pock. Pt.), in proceedings to enter satisfaction of mortgages, it is provided: "...... But if either of the parties shall desire any matter of fact that is affirmed by one and denied by the other to be tried by a jury, an issue shall be formed, and the same shall be tried accordingly, and if the jury shall find that the full amount due upon said mortgage has been paid, then satisfaction shall be entered on the record as aforesaid." The court below was of the opinion that as respondent requested the framing of an issue, an issue must be framed. In so holding, the court was not correct as the issue is required to be framed only in the event that a fact is affirmed by one and denied by the other.

The depositions showed appellant gave a purchase money mortgage in the sum of $1,000 on property located in Lancaster, Pa., to A. H. Hammond, which was assigned on November 18, 1912, to the Lancaster Lodge, appellee. The business was transacted for both parties by John N. Hetrick, a member of the bar, who also was a trustee of the lodge, and who continued to serve as a trustee until 1934. From 1912 to 1928, the interest was paid to Hetrick. In January, 1928, desiring to repair his property, appellant consulted Hetrick about increasing his mortgage, and on January 26, 1928, executed a mortgage upon the same premises in the

sum of $1,500 in favor of the Ladies of the Golden Eagle. The sum of $1,500 was paid by the ladies' society to Hetrick, of which $500 was paid on the same day to the appellant and Hetrick promised to satisfy the mortgage. On the same date, the appellant paid Hetrick $38.31, which included interest on the $1,000 mortgage, costs of satisfaction, acknowledgment and recording of the new mortgage and for services. The interest on the $1,500 mortgage was paid by Beyer to Hetrick until 1933, and the interest on the $1,000 mortgage was paid to the Knights of Pythias up to April 1, 1933. Not until the second mortgage transaction, did appellant have knowledge that Hetrick was a trustee of the lodge. At the time of the assignment of the mortgage of 1912, and down to the present time, the following by-law of the lodge has been in force: "That the trustees shall have charge of all the securities of the lodge, invest and keep invested all the moneys which shall come into their hands, except the interest on the securities, and any rents or other incomes received, which interests, rents and incomes shall be paid into the lodge, such investments to be made from time to time as in the judgment of the trustees shall be for the best interests of the lodge." On November 18, 1912, John A. Brimmer, Frank P. Rieker, and John N. Hetrick were the trustees of the lodge. On January 30, 1922, the lodge executed a power of attorney, duly recorded, to the then three trustees, A. B. Burkhart, Henry L. Snyder and John N. Hetrick, or their successors in office, to satisfy any mortgage held by the lodge, and on October 21, 1929, executed a power of attorney, duly recorded, to the then three trustees, H. L. Snyder, John N. Hetrick, and George H. Shenk, either or any of them to satisfy any mortgage held by the lodge. The latter trustees were the trustees of the lodge on January 26, 1928.

H. L. Snyder, one of the trustees, testified that on

January 26, 1928, Hetrick was the active trustee of the lodge; took care of the investments for the trustees; had authority from the trustees to collect both principal and interest and the trustees when notified by Hetrick satisfied the mortgages. He further testified that at the meeting of the lodge when the execution of the power of attorney was authorized, Hetrick was given authority to collect principal and interest, because he was best fitted.

At the time Hetrick received the $1,500 from the Ladies of the Golden Eagle, $1,000 of which was intended as payment of the existing mortgage, he was acting as the attorney for Beyer, at which time Beyer learned that Hetrick was a trustee of the Knights of Pythias. When this money was paid to his attorney, even though he was also one of the trustees of the Knights of Pythias, it was Beyer's duty to determine by what authority Hetrick received the money on behalf of the lodge. The power of attorney to satisfy in effect in 1928, was directed to the three trustees and although Hetrick was one of them, he was not authorized alone to receive and retain the money of the lodge. Under the by-laws of the lodge, its securities were in charge of the trustees, not an individual trustee, and the power of attorney of 1929, although authorizing any or either of them, is not controlling as it was executed subsequent to the payment to Hetrick. In the cases of Judith v. Dicola, 317 Pa. 353, 176 A. 238; Brientnall v. Peters, 317 Pa. 356, 176 A. 240; Burkhart v. Falco, 116 Pa. Superior Ct. 263, 176 A. 844, where the misapplications were made by the same attorney, and in the case of Mielcuszny et ux. v. Rosol, 317 Pa. 91, 176 A. 236, we find a complete discussion of the principles applicable to the question involved on this appeal.

Appellant having averred that Hetrick received the $1,000 as agent of the lodge, the burden of proving his authority to collect and receive this money, rested upon

him.   He knew that Hetrick was acting as his attorney, and, although he then learned that Hetrick was trustee of the lodge, he made no effort to determine the extent of his authority.   He requested the return of the insurance policy, the mortgage and bond, but was content upon Hetrick's assurance that these papers would be taken care of a little later.   Not until demand was made upon him by the lodge, did he discover that the mortgage had never been satisfied.

In Beyer's testimony, we find no authority in Hetrick to receive the principal of the mortgage, as at all times Hetrick was acting as his attorney and whatever authority Hetrick had must be determined from the testimony of Snyder, co-trustee.   His testimony that the trustees gave authority to Hetrick to collect the principal and that the lodge had so directed, was in direct conflict with the language of the by-law, and the power of attorney of 1922, both of which contemplated that authority was vested in the trustees, or a majority of them.   Whether the conduct of the trustees or the lodge itself was a waiver of the language of the by-law or the power of attorney, was a question of fact to be determined by a jury and not by the court, and, therefore, the issue framed was proper.

Order affirmed.