## Mosteller v. Burkholder

*Henry M. Koch,* for plaintiff.

*Leon Ehrlich,* for defendants.

AUSTIN, J., March 15, 1963.—Plaintiffs filed an action to compel defendants to satisfy a mortgage. The proceeding was filed by petition although more properly it should have been initiated by complaint under and in accordance with Pa. R. C. P. 1061(b) (3). However, counsel for defendants, commendably, instead of asserting any technical objection, answered on the merits, and at the brief hearing held before the writer of this opinion on February 8, 1963, agreed that the matter should be decided upon the pleadings, and that the sole issue before the court was whether or not defendants should be ordered to satisfy the mortgage, or in lieu thereof, the recorder of deeds be directed to enter the satisfaction on the record.

It appears that plaintiffs are husband and wife, and executed a mortgage on property owned by them as tenants by the entireties, situate at the northeast corner of VanReed Road and Douglas Street, in the Borough of Wyomissing, formerly Berkshire Heights, Berks County, Pa., in favor of Carl R. Burkholder and Esther E. Burkholder, his wife, in the principal sum of $3,000, on December 20, 1949. The mortgage bore interest at the rate of five percent and was to be paid at the rate of $30 per month. The mortgage was recorded in mortgage book, vol. 701, at page 414, Berks Co. records.

Defendants, according to the stipulated facts as set forth in the pleadings, placed the mortgage with the Reading Federal Savings and Loan Association, at 612 Washington Street, Reading, Pa., where payments on the mortgage were to be made by plaintiffs.

On August 17, 1960, the last payment on account of the principal and interest was made by plaintiffs to the said Reading Federal Savings and Loan Association, and that institution delivered over the mortgage payment book together with the mortgage and accompanying bond and warrant. However, defendants, although requested so to do, refused to satisfy the mortgage, although it is conceded that said mortgage has been paid, for the reason that one of the defendants, Carl R. Burkholder, sold on credit to one of the plaintiffs, Frederick W. Mosteller, coal, and the said Frederick W. Mosteller owed, on account of such sales, a substantial sum of money to the said Carl R. Burkholder, in the nature of a book account.

It was asserted by defendant, Carl R. Burkholder, through his counsel, that the mortgage was not satisfied because Frederick W. Mosteller had orally agreed that its lien was to remain on the premises as security for the payment of the book account, and it was solely upon the strength of such oral agreement, and in reliance thereon, that Mr. Burkholder continued to carry the book account of Mr. Mosteller and continued to sell coal on open credit to him.

The question at issue is whether or not a husband, where husband and wife own property as tenants by the entireties, may make an oral agreement with a mortgagee who holds a mortgage on said premises, that the lien of such mortgage shall remain unsatisfied after payment of the mortgage, without the knowledge, consent, or joinder of his wife, either orally or in writing.

At the outset, no issue of fact is required to be submitted to a jury where the fact of payment of the mortgage is not denied: Beyer v. Lancaster Lodge No. 68, Knights of Pythias, 121 Pa. Superior Ct. 435.

It is also true that where real estate is held by husband and wife as tenants by the entireties, neither

spouse acting independently may create or terminate any legal interest in the land to the prejudice of the other spouse: Schweitzer v. Evans, 360 Pa. 552.

Of course, as to the property itself, there is an implied presumption of agency where the benefit of an act accrues to both. But this power is limited to the property owned as tenants by the entireties. For example, one spouse may sign a termination of a lease for the premises owned as tenants by the entireties, where such action is of benefit to both, without the actual joinder of his wife: Kennedy v. Erkman, 389 Pa. 651, 658. But no case goes so far as to hold that the husband in his own business may make an oral agreement that a mortgage against property, owned by him and his wife as tenants by the entireties, shall remain open and unsatisfied after payment, without the knowledge, consent or joinder of his wife, because such action is obviously not one that would inure to the benefit of the other.

Tenancy by the entireties is a venerable and ancient institute of the common law. In such tenancy, each spouse is seized per tout et non per my. As the Supreme Court said in C. I. T. Corporation v. Flint, 333 Pa. 350, speaking through former Chief Justice Stern, in describing a tenancy by entireties, ". . . There is but one legal estate, which, by a long course of judicial decisions, has been buttressed against inroads attempted either by the parties themselves or by their individual creditors. . ."

Our Supreme Court reaffirmed these basic principles in Sterrett v. Sterrett, 401 Pa. 583, where the Supreme Court said, speaking through Justice Musmanno, at page 585, the following:

"The common law and romantic concept that husband and wife were but one person has undergone considerable modification by legislation and modern decisions. Today, husband and wife are, for most pur-

poses, regarded in law, as what they have always physically been, two separate human beings. The wife is entitled to her own separate earnings and she may own her own property. However, the change of the poetic concept of two-in-one has not affected the oneness of the property which they own together as husband and wife. That property remains indivisible and can only be conveyed by the consent of both parties. If one of the spouses incurs debts, their liquidation cannot be discharged against the property held by entireties. If one of the parties dies, his unpaid obligations cannot be met from any part of the estate by entireties."

It is, therefore, undoubtedly the law that a husband may not by his own separate transaction impair the ownership or interest of his spouse in real estate that is owned as tenants by the entireties. The liquidation or payment of a debt owed by Mr. Mosteller to Mr. Burkholder could not be discharged by execution against the tenancy by entireties property. To allow the mortgagee to keep the mortgage open and unsatisfied on the record when it has in fact been paid, would be to allow such property to be used as security for the payment of a debt owed by one spouse only, and would be in direct contradiction of the law as set forth in Sterrett v. Sterrett, supra, and the cases therein cited.

Mr. Burkholder has a claim against Mr. Mosteller. He of course may proceed to bring an action against his debtor and secure judgment for such amount as may be validly due and owing. No legal right of Mr. Burkholder is being impinged upon or taken away by this opinion. His legal right to the collection of his debt remains exactly as it did before any order of the court. The court does say, however, that under the law Mr. Burkholder never had any right whatsoever to collect a debt owed by the husband only out of the property owned by husband and wife as tenants by the entireties,

and it is of course obvious that any judgment secured against the husband alone will not give the right to execute against property owned by husband and wife.

Accordingly, since the mortgagors have possession of the mortgage, all that is necessary for them is to present it to the recorder of deeds and tender to him the appropriate satisfaction fee in accordance with the following order.

And now, to wit, March 15, 1963, upon production of a certified copy of this order, together with the mortgage given and executed by Frederick W. Mosteller and Laura T. Mosteller, his wife, dated December 20, 1949, to Carl R. Burkholder and Esther E. Burkholder, his wife, as mortgagees, in the principal sum of $3,000, said mortgage being upon a dwelling house situate at the northeast corner of VanReed Road and Douglass Street, now in the Borough of Wyomissing, formerly Berkshire Heights, Berks County, Pa., and being recorded in mortgage book, vol. 701, page 414, Berks County records, together with payment of satisfaction fee, the Recorder of Deeds of Berks County is authorized and directed to enter satisfaction of said mortgage upon the margin of the said mortgage book, and this order, upon accomplishment of the foregoing, shall be full authority for said recorder of deeds to enter said satisfaction as herein described.